Steve Wilson Briggs
681 Edna Way
San Mateo, CA 94402
510 200 3763
snc.steve@hotmail.com

Pro Se **PLAINTIFF**

FILED

JAN - 6 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>vs.<br><br>NEILL BLOMKAMP, SONY PICTURES ENT., INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL (MRC II, LP), QED INTERNATIONAL,<br><br>Defendants | CASE NO: CV 13 4679 PJH<br><br>Judge: Honorable Phyllis J. Hamilton<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS (AMENDED)**<br><br>**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  February 19th, 2014<br>Time:  9:00a.m.<br>Courtroom:  3<br>Judge:  Hon. Phyllis J. Hamilton |

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST THE DEFENSE COUNSEL

**PLEASE TAKE NOTICE** on February 19th, 2014, or as soon thereafter as the matter may be heard, Plaintiff, Steve Wilson Briggs, moves this Court for action in the courtroom of the Honorable Phyllis J. Hamilton, Oakland Courthouse, 3rd Floor, 1301 Clay Street, Oakland, CA.

**Statement of Purpose.** This motion will be base on the Memorandum Of Points And Authorities, and the Proposed Order filed herewith, for sanctions against the Defense Counsel, Kinsella, Weitzman, Iser, Kump & Aldisert, namely, Michael J. Kump (SBN 100938), and Gergory Korn (SBN 205306), for violations of, and by the powers F.R.C.P, Rule 11(b), Rule 11 (b)(4); Local Rule 11-4(a)(1), (3), (4); 28 USC § 1927; and 18 USC § 401.

1
AMENDED MOTION FOR SANCTIONS CV-13-4679 PJH

## MEMORANDUM OF POINTS AND AUTHORITIES

**DEFENSE COUNSEL'S VIOLATIONS OF F.R.C.P:** <u>FIRST ISSUE</u>

To protect a Defendant, Media Rights Capital II, LP (MRC II, LP) and gain strategic advantage, the Defense entered false statements for the Defendant. Three times in it's Answer And Affirmative Defenses, the Defense stated MRC was "erroneously named" as a Defendant (cover sheet line 8; p. 1, line 2; p. 2, line 6, 7), naming MRC II <u>Distributing Company</u>, LP as the proper Defendant. This was false, and a willful effort to shield MRC II, LP, from accountability.

Defendant, MRC (MRC II, LP) was the first financier to join Defendant, Neill Blomkamp to produce "Elysium" (the infringing film in dispute), and is responsible for selling Elysium's rights to Sony Pictures. **[See http://en.wikipedia.org/wiki/Elysium_(film)]**. MRC is named in Elysium's opening film credits. MRC and Tristar are the only companies spotlighted in Elysium's official trailers. **[See: https://www.youtube.com/watch?v=QILNSgou5BY & https://www.youtube.com/watch?v=oIBtePb-dGY ]**. MRC's website states, "MRC has been financing and producing films since 2006... Notable films include...Neill Blomkamp's second feature film, Elysium"**.** MRC is named as Elysium's financier or **"studio"** on countless websites.

Prior to the Defense's Answer And Affirmative Defenses, the Plaintiff had never heard of subsidiary, MRC II Distribution Company LP. It is not mentioned on MRC's website. The Defense admits TriStar distributes Elysium (p. 2, line 4 of its Answer And Affirmative Defenses). On MRC's Wikipedia page Warner Brothers, Universal Pictures and other companies are named as the distributors of MRC II, LP productions -no mention of the subsidiary.

Early December, 2013, the Plaintiff found almost nothing about the subsidiary online but a defunct address with MRC's phone, at: http://investing.businessweek.com.. A few weeks later, he found significantly more webpages about the subsidiary, but no official website, and none of the web-postings had the professional look you'd expect from a "film distributor". Curiously, the majority of these postings were posted after the Plaintiff's Complaint was filed (10/08/13). Many of the webpages seemed odd, obscure or illegitimate. Most displaying only the company's name and address; a few job announcements for literary editors from 2007, and H1B visa and green card pages.  NOTE: a Google search for "Media-Rights-Capital" (no quotes)

1  yields 669,000,000 results; and "MRC-II,-LP" yields only 65,000,000; but the subsidiary,"MRC-
2  II-Distribution Company, LP" yields a mere 245,000 - 2600 times fewer than the parent.
3       Eventually, the Plaintiff found a posting naming the subsidiary in the high profile Laura
4  Archer Dick Coelho v. MRC II Distribution Company LP et al suit, 2011 -concerning the film
5  "The Adjustment Bureau" (starring Matt Damon), and the film rights to the Phillip K. Dick story.
6       The Plaintiff learned, surprisingly, <u>MRC is the sole "**studio**' responsible for "The
7  Adjustment Bureau" (MRC's website and Wikipedia); but when MRC II, LP litigated the film
8  rights with the Dick estate, they used the subsidiary's name</u>. And attorney Michael J. Kump and
9  Kinsella, Weitzman, Iser, Kump, & Aldisert LLP, represented the subsidiary in that matter, too.
10 [http://law.justia.com/cases/federal/district-courts/california/cacdce/2:2011cv08913/515743/25]
11       Having represented MRC II, LP and its "subsidiary" in 2011, the Defense Counsel
12 knew MRC was properly named as a Defendant in this suit. The Defense conspired with MRC to
13 mislead the court and subvert justice, using the "subsidiary" as the legal foil for the parent. MRC
14 II Distribution Company, LP is an unknown entity. MRC II, LP is properly named in this suit.

15                           MOTIVE FOR DEFENSE'S VIOLATION
16       The Plaintiff contends the Defense Counsel attempted this Defendant "switch" to
17 protect MRC from accountability, but also for two more important strategic motive:
18       **Motive One.**  MRC is currently involved with Trigger Street Productions
19 (TriggerStreet.com) on the TV series "House of Cards". TriggerStreet.com is named in this suit
20 as the Defendants' <u>access</u> point to the Plaintiff's work. A favorable infringement ruling requires:
21 **A)** Substantial Similarity; **B)** Access. The Plaintiff has both. This continued relationship between
22 MRC and Trigger Street adds weight to the Plaintiff's access claim against the Defendants.
23       **Motive Two.**   William Morris Endeavor (WME) owns a large share of MRC. MRC's
24 relationship to WME's CEO, Ari Emanuel, poses a conflict of interest, causing many Hollywood
25 notables to avoid MRC (also due to their lack of accounting transparency).  **[To confirm this**
26 **paragraph see: http://www.nytimes.com/2007/03/19/business/media/19fund.html?**
27 **pagewanted=all&_r=1&].** The relationship allows MRC to hire WME talent, and allows WME
28 to profit as both talent agent and silent owner of MRC. WME represents Defendant, Neill

Blomkamp and Matt Damon (star of Elysium). Because of the high profile names in this suit, and MRC's known relationship to WME, this case may attract regulatory attention. Thus, MRC sought to rename a subsidiary to circumvent regulatory scrutiny.

RULES REGARDING THIS <u>FIRST ISSUE</u>

As outlined in the previous paragraphs, the Defense Counsel, Kinsella, Weitzman, Iser, Kump & Aldisert, gave clearly false information regarding Defendant, Media Rights Capital, in their November 27th, 2013, Answer And Affirmative Defenses, **in violation of F.R.C.P. Rule 11(b).** <u>Rule 11. "Signing Pleading, Motions, And Other Papers; Representations To The Court; Sanctions: (b) "Representations to the Court: By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:"</u>

The information the Defense provided (stating a central Defendant was "erroneously named") was NOT provided "<u>after an inquiry reasonable under the circumstances</u>". The Defense could have confirmed MRC was properly named with a two minute web search. They made made no search because they already knew MRC II, LP's identity. The Defense Counsel willfully submitted false information expecting it to pass unchallenged.

The Defenses counsel's conduct was also a **violation of F.R.C.P. Rule 11(b)(4);** which states, "<u>the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.</u>"

The Defense's claims were not "warranted on the evidence", nor based on "lack of information", as the overwhelming evidence confirmed the Defendant was properly named.

The Defense's conduct also **violates Civil L.R. Standards of Professional Conduct 11-4 (a)(3) and (4).** <u>**Local Rule 11-4 (a)** Duties and Responsibilities. Every member of the bar of this Court and any attorney permitted to practice in this Court under Civil L.R. 11 must:  (3) Maintain respect due to courts of justice and judicial officers;</u> **(4) <u>Practice with the honesty, care, and decorum required for the fair and efficient administration of justice</u>**.

The Defense Counel acted in bad faith and with prejudice toward the Court and the

Plaintiff; endeavoring to shield Defendant, MRC II, LP from justice, and to gain strategic advantage -as claiming the Plaintiff had "erroneosly named" a Defendant would: 1) hold the wrong Defendant accountable; 2) possibly result in a miscarriage of justice as the Plaintiff's "access" claims would seem less obvious with the subsidiary named; 3) diminsh the Court's faith in the Plaintiff's credibility (if the Plaintiff can't even name the correct Defendant, can we trust anything he says?). For these reasons, <u>the Defense Counsel's conduct "interferes with Court's "orderly process", which adhere's to the U.S. A. M.'s definition of **Contempt of Court**, under section 9-39.000. Court powers to sanction contempt are derived under **18 USC § 401**</u>.

### DEFENSE COUNSEL'S VIOLATIONS OF F.R.C.P.: **SECOND ISSUE**

In the Defense Counsel's "Answer And Affirmative Defenses," the Defense offered 192 denials in response to the first 193 paragraphs of the Plaintiff's Complaint, . The ONE paragraph they did not contest is paragraph 6, which simply names Neill Blomkamp as a Defendant. The Defense goes on to make denials for each of the four remaining Defendants -and for every remaining paragraph of the Complaint. Of the 192 denials, the Plaintiff counts 71 denials are made pointlessly, as the paragraphs in question were simple, inarguable, facts (including the two contested screenplays among 16 exhibits attached). The Defense denied the paragraphs with self-authenticating exhibits, such as the Plaintiff's copyright registration certificate, WGA registration, news articles (as well as email and archived website information). The Defense even denied simple paragraph quotes taken from the two contested screenplays.

Seeming to lack a tenable defense, the Defense resorted to relentless denials, likely intent on a deny and delay strategy. Their response was not <u>"formed after an inquiry reasonable under the circumstances"</u>, (as no inquiry was done). The denials were NOT "warranted on the evidence,' or "reasonably based on belief or a lack of information." The denials were made "unreasonably and vexatiously," with bad faith and prejudice, to multiply proceedings; which is an interference with the Court's orderly process, and reflects a failure to "Practice with the honesty, care, and decorum required for the fair and efficient administration of justice." Thus, the Defense **violated F.R.C.P. Rules 11(b) and 11(b)(4), 28 USC § 1927, Local Rule 11-4 (a)(1) and (4), and 18 USC § 401.**

Among the Defense Counsel's curious denials:

1) In paragraph 4, the Defense mocks the Court's **Intradistrict Assignment** authority, sarcastically stating, "Defendants admit that **the Complaint alleges** that the action is properly assigned to the San Francisco Division of the Northern..." Their contempt discretely displayed, the Denfense then denied the remainder of the paragraph.

2) Paragraph 2 the Defense denies Defendant, Neill Blomkamp, is a resident of Canada. Then, in Paragraph 6, the Defense admits Neill Blomkamp IS a resident of Canada.

3) Paragraph 21, the Defense states they "lack sufficient information and belief" to admit that the "Elysium" screenplay the Plaintiff attached to the Complaint (as "Exhibit B") was an early draft of the Defendants' screenplay. Confirmation would have taken a two minute call to Defendant, Neill Blomkamp. The Plaintiff is sure the screenplay will be authenticated at trial.

4) Paragraph 1, 12, 23, the Defense Counsel denied the Plaintiff's WGA registration and Copyright Registration (despite the attachment of both, in color copy exhibits), and questions the authenticity of the Plaintiff's screenplay, "Butterfly Driver", and the Plaintiff's authorship.

5) The Defense denied MRC is a "Studio" -although MRC defines itself as a "Studio" in its production credits, and on it's own website (http://www.mrcstudios.com) "MRC is an independent film and television studio..."

6) Paragraph 22 and 25, The Defense states they "lack sufficient information and belief" to admit that their screenplay, "Elysium," conformed to the film, "Elysium," when watching 20 minutes of the film, and reading 20 pages of the script would have confirmed this.

7) Paragraph 13, the Defense denied the Plaintiff entered the 2007 Philadelphia Logline Competition, ignoring Plaintiff's email attachments. A simple websearch would have confirmed this, as Butterfly Driver still featured on the Philadephia Loglines' 2007 website.

8) Paragraph 18, the Defense denied the Plaintiff wrote, produced and directed the film "The Amazing Mr. Excellent" in 2008-10. A thirty second web search would have confirmed this -and the movie is available online to view, free.

The Defense Counsel denied simple, direct quotes from the two screenplays in paragraphs 45-48 (with no added commentary). They doubted and denied the Plaintiff's identify,

AMENDED MOTION FOR SANCTIONS  CV-13-4679 PJH

1 causing the Plaintiff hours of new work, adding almost two page of identity information in the

2 Amended Complaint, and 8 pages of additional exhibits to verify his identity. The Defense also

3 denied self authenticating evidence in paragraphs 12, 23 and 179, and seemingly irrefutable

4 evidence in paragraphs 11, 16, 17, 36, 37, 42, 53, 57, 79, 90, 91, 94, 95, 103, 104, 109, 133, 134,

5 136, 137, 155 thru 159, 161 thru 164, 166, 167, 170 thru 176, 179, and 180.

## RULES REGARDING THIS SECOND ISSUE

The Defense Counsel's excessive use of denials violate **F.R.C.P. Rules 11(b) and 11 (b)(4).** Rule 11. "Signing Pleading, Motions, And Other Papers; Representations To The Court; Sanctions: (b) "Representations to the Court: By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:" and (4): "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

The Defense Counsel's unreasonable and vexatious use of denials multiplies proceedings, in violation of **28 USC § 1927**: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

And the Defense Counsel's conduct violates Attorney's Standards of Professional Conduct, **Civil Local Rule 11-4 (a)(1)(3) and (4):** L.R. 11-4 (a) Duties and Responsibilities. Every member of the bar of this Court and any attorney permitted to practice in this Court under Civil L.R. 11 must: (1) Be familiar and comply with the standards of professional conduct required of members of the State Bar of California; (4) Practice with the honesty, care, and decorum required for the fair and efficient administration of justice".

The Defense's snub of the Court's authority, and it's excessive denials adhere to the U.S.A.M.'s (section 9-39.000) definition of **Contempt Of Court:** "Contempt of court is an act of disobedience or **disrespect towards the judicial branch of the government, or an interference**

AMENDED MOTION FOR SANCTIONS  CV-13-4679 PJH

1 **with its orderly process.** It is an offense against a court of justice or a person to whom the judicial

2 functions of the sovereignty have been delegated." The Court has authority to sanction Contempt Of

3 Court under **18 USC § 401.**

## SUMMARY

5      AS DEMONSTRATED IN THE FIRST ISSUE: the Defense Counsel willfully

6 attempted to mislead the court by misnaming a Defendant. In so doing, the Defense Counsel

7 violated **FRCP Rule 11(b), and Rule 11(b)(4), and Civil Local Rules 11-4 (a)(3) and (4), and**

8 **constitute Contempt of Court (under the U.S.A.M.), thus violating 18 USC § 401.**

9      AS DEMONSTRATED IN THE SECOND ISSUE: to 193 paragraphs of the Plaintiff's

10 original Complaint, the Defense responded with 192 denials, snubbing the court's authority in the

11 process. This was done with bad faith and prejudice, to create unnecessary work for the Plaintiff,

12 and interfere with and delay the Court's orderly process; violating **F.R.C.P. Rules 11(b) and 11**

13 **(b)(4), 28 USC § 1927, Local Rule 11-4 (a)(1) and (4), and 18 USC § 401.**

14      **The Sanctions For Violating These Rules Are As Follows:**

15      **FRCP 11(4):** Nature of a Sanction. A sanction imposed under this rule must be

16 limited to what suffices to deter repetition of the conduct or comparable conduct by others

17 similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty

18 into court; or, if imposed on motion and warranted for effective deterrence, an order directing

19 payment to the movant of part or all of the reasonable attorney's fees and other expenses directly

20 resulting from the violation.

21      **Civ L.R.: 11-6.** Discipline.(a) General. In the event that a Judge has cause to believe

22 that an attorney has engaged in unprofessional conduct, in addition to any action authorized by

23 applicable law, the Judge may do any or all of the following:  (1) Refer the matter to the Court's

24 Standing Committee on Professional Conduct; or  (2) Refer the matter to the Chief District Judge

25 with the recommendation that an order to show cause be issued under Civil L.R. 11-7...

26      **28 USC § 1927:** -Any attorney or other person admitted to conduct cases in any court

27 of the United States or any Territory thereof who so multiplies the proceedings in any case

28 unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

AMENDED MOTION FOR SANCTIONS  CV-13-4679 PJH

1 | expenses, and attorneys' fees reasonably incurred because of such conduct.

2 | **18 USC § 401:** A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as— (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

The Court also has authority to sanction infractions by the Court's "inherent power to impose sanctions" per Chambers v. Nasco, Inc., 501 U.S. 32 (1991).

Wherefore, the Plaintiff respectfully requests the Honorable Court consider the Defense Counsel's infractions and implement all such sanctions as the Court deem appropriate.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 6th day of January, 2014.

Respectfully Submitted,

By: _____
(Steve Wilson Briggs, Plaintiff)

Steve Wilson Briggs
681 Edna Way
San Mateo, CA 94402
Plaintiff, Pro Se

AMENDED MOTION FOR SANCTIONS  CV-13-4679 PJH

**PROOF OF SERVICE**

This is to certify that on the 6th day of January, 2014, I, Steve Wilson Briggs, served, by way of U.S. mail, true copies of the document described as **Motion for Sanctions**, on the interested parties below:

Michael J. Kump, and Gregory P. Korn

(of Kinsella, Weitzman, Iser, Kump & Aldisert)

808 Wilshire Boulevard, 3rd Floor

Santa Monica, California, 90401

310 566 9800

Executed on January 6th, 2014

By,_____

Steve Wilson Briggs, Plaintiff Pro Se