KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants NEILL BLOMKAMP, SONY PICTURES ENTERTAINMENT, INC., TRISTAR PICTURES, INC., MRC II DISTRIBUTION COMPANY L.P. (erroneously sued as Media Rights Capital), and QED INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>            Plaintiff,<br><br>    vs.<br><br>NEILL BLOMKAMP; SONY PICTURES ENT., INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL, and QED INTERNATIONAL,<br><br>            Defendants. | Case No. CV 13-4679-PJH<br><br>**DEFENDANTS' RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>[Fed. R. Civ. P. 26 and Local Rule 16-9]<br><br>Date:     January 16, 2014<br>Time:    2:00 p.m.<br>Crtrm.:  3 |

DEFENDANTS' CASE MANAGEMENT STATEMENT

Defendants Neill Blomkamp, MRC II Distribution Company L.P. (erroneously sued as Media Rights Capital), Sony Pictures Entertainment Inc., TriStar Pictures, Inc., and QED International, LLC provide this Rule 26(f) report and case management statement pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16-9. As authorized by L.R. 16-9(a), Defendants are not filing a joint case management statement since Plaintiff Steve Wilson Briggs is in *pro per*.

## JURISDICTION AND SERVICE

Plaintiff asserts a single claim for copyright infringement pursuant to 17 U.S.C. Sections 101 *et seq.*, such that this Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1338(a).

Defendants have elected not to challenge this Court's exercise of personal jurisdiction.

All Defendants have answered the initial complaint. (Dkt. No. 7.) Certain of Defendants were not served with process at the time of the answer but nevertheless elected to appear in the case.

Defendants have elected not to challenge venue.

## FACTS

Defendant Blomkamp is the writer and director of the feature film *Elysium* (the "Film"). The remaining Defendants are the producers and distributors of the Film. *Elysium* was initially theatrically released in or about August 2013.

Plaintiff alleges that he wrote a screenplay entitled *Butterfly Driver* which was posted online in or about 2007 on a website entitled triggerstreet.com, on which writers can allegedly share their work. Plaintiff alleges that Blomkamp accessed *Butterfly Driver* on triggerstreet.com and used the screenplay in developing *Elysium*. Plaintiff alleges that *Elysium* is substantially similar to *Butterfly Drivers* and constitutes copyright infringement.

In fact, Blomkamp had never heard of the website triggerstreet.com until the filing of this lawsuit and had never read any screenplays posted on that site (including *Butterfly Driver*). Nor did Blomkamp access *Butterfly Drivers* from any other source. The filing of this lawsuit was the first time that he had ever heard of Plaintiff's screenplay.

Plaintiff's screenplay was not used in the development, writing, and production of *Elysium*. As a result, there are no meaningful similarities between *Butterfly Driver* and *Elysium*. The plot lines of the two works are entirely different. Not a single sentence of dialogue in *Elysium* bears resemblance to the dialogue in *Butterfly Driver*. If there are any similarities in the two works, which Defendants contest, they are solely at the level of non-original, generic elements which are common in this genre of film. There are no striking similarities as must be proven to establish copyright infringement where, as here, Plaintiff cannot and will not establish access.

## LEGAL ISSUES

Although Defendants do not anticipate any disputed points of law, but rather the disputed application of law to fact, the following is a brief statement of the controlling legal issues:

To establish copyright infringement, Plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361. Unlawful copying so as to give rise to copyright infringement is typically established by proving (1) that the defendants had access to the plaintiff's work, and (2) substantial similarity of protectable, copyrightable elements. *Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006). Where, as here, Plaintiff cannot establish access, he must demonstrate "striking similarities" between *Butterfly Driver* and *Elysium* to raise an inference of unlawful copying. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000); *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987).

Because "copyright protection may extend only to those components of a work that are original to the author," *Feist Publ., Inc.*, 499 U.S. at 348, to prove infringement the plaintiff must prove the "copying of constituent elements of the work that are original." *Id.* at 361.

## MOTIONS

No motions are pending. Defendants will be filing a motion for summary judgment on the basis, *inter alia*, that *Elysium* does not infringe Plaintiff's alleged copyright as a matter of law.

## AMENDED PLEADINGS

Plaintiff improperly amended the initial complaint outside the time period prescribed in Fed. R. Civ. P. 15. That notwithstanding, Defendants are answering the amended complaint. Defendants do not anticipate amending to add further defenses but reserve the right to do so should facts be revealed during discovery which support additional defenses. Defendants propose that no further amendment of the complaint be permitted absent good cause.

## EVIDENCE PRESERVATION

Defendants and their counsel have reviewed the ESI Guidelines. Defendants' counsel, Gregory Korn, met and conferred with Plaintiff on the subject of preserving electronic discovery. Mr. Korn advised Plaintiff of his obligation to preserve emails, word processing documents, and other such evidence in electronic form, and indicated that Defendants were doing the same. Plaintiff indicated that many electronic documents have been lost over time due to "computers crashing," but that he possesses hard drives which may have recoverable documents.

## DISCLOSURES

Defendants are serving initial disclosures contemporaneous with the filing of this case management statement.

## DISCOVERY

No discovery has been taken to date. Defendants will seek discovery concerning Plaintiff's alleged drafting and revision of *Butterfly Driver*; his alleged posting of that screenplay on websites including triggerstreet.com; his distribution of the screenplay through means other than the Internet; Plaintiff's attempts to exploit *Butterfly Drivers* and his exploitation of the screenplay (if at all); any agreements executed with respect to the screenplay; and Plaintiff's experience as a screenwriter or filmmaker and any compensation or credits earned thereby.

Defendants do not propose any limitations or modifications of the discovery rules at this time but reserve the right to do so should the need arise. Because of Plaintiff's statements to the effect that most of the documents in his possession are paper documents, the parties have not yet considered entering into a stipulated e-discovery order. Defendants propose a discovery plan under the heading "Schedule" below.

**1**  **CLASS ACTIONS**

**2**  Not applicable.

**3**  **RELATED CASES**

**4**  Defendants are not aware of any related cases.

**5**  **RELIEF**

**6**  Plaintiff seeks the destruction of all recordings and copies of *Elysium* in all formats.

**7**  For monetary relief, Plaintiff prays for "Actual Damages" and "Lost Profits." (Dkt. No. 17,

**8**  Paragraph 265.)

**9**  Defendants vigorously contest liability. In the inconceivable event that *Elysium* is found to

**10**  infringe *Butterfly Driver*, Defendants contend that the actual damages and lost profits sought by

**11**  Plaintiff are negligible given his failure to exploit *Butterfly Driver* or any other work for

**12**  meaningful financial gain.

**13**  **SETTLEMENT AND ADR**

**14**  No settlement discussions have occurred. In their Rule 26(f) conference, the parties were

**15**  unable to agree on a settlement procedure. Plaintiff indicated that he was willing to participate in

**16**  an early neutral evaluation (ENE) but no other mediation, specifically stating a refusal to go before

**17**  a Magistrate Judge. Defendants do not believe that an ENE would be productive under the

**18**  circumstances. Defendants are willing to participate in a mediation/settlement conference,

**19**  preferably with a Magistrate Judge. Defendants believe that the settlement conference should not

**20**  occur until they have filed a summary judgment motion demonstrating the absence of

**21**  infringement.

**22**  Defendants are not optimistic about the prospects for settlement because (a) Plaintiff's

**23**  screenplay was never accessed or used in the development and production of *Elysium* and there is

**24**  no copyright infringement as a matter of law, and (b) Plaintiff has stated that he wants to have his

**25**  case decided by the Court. The only settlement that is warranted is a dismissal by Plaintiff in

**26**  exchange for a waiver of fees and costs.

**27**  The parties complied with ADR Local Rule 3-5. Defense counsel, Gregory Korn, met and

**28**  conferred with Plaintiff on December 18, 2013 regarding ADR issues and the selection of an ADR

1 process. Both Plaintiff and Defendants filed an ADR Certification and a Notice of Need for ADR
2 Phone Conference in light of their inability to agree on an ADR process.
3   On January 6, 2014, Plaintiff and Defendants' counsel (Michael Kump) participated in an
4 ADR Phone Conference with Howard A. Herman, Director of the ADR Program, who stated he
5 would forward his recommendation to the Court.

**CONSENT TO MAGISTRATE FOR ALL PURPOSES**

7   Defendants respectfully do not consent to have a Magistrate Judge conduct all further
8 proceedings.

**OTHER REFERENCES**

10   Defendants believe this case is not suitable for reference to binding arbitration, a special
11 master, or the Judicial Panel on Multidistrict Litigation.

**NARROWING OF ISSUES**

13   The factual and legal issues could potentially be narrowed if at the appropriate time
14 Plaintiff concedes that he lacks any evidence of access. In such case, the sole issue for the Court
15 would be "striking similarity." Defendants are not aware of any other issues that can be narrowed.
16   Defendants request that discovery on liability and damages be bifurcated in two phases:
17 (1) the first phase prior to the ruling on Defendants' motion for summary judgment in which
18 discovery will be limited to liability issues; and (2) the second phase in the event the case survives
19 summary judgment, in which discovery may be conducted with respect to damages.
20 Such bifurcation is appropriate under the circumstances of this case. The evidence is and will be
21 incontrovertible that Defendants lacked access to Plaintiff's alleged screenplay. As such, Plaintiff
22 must demonstrate "striking similarity" between his alleged screenplay and *Elysium*. That "striking
23 similarity" standard, considered together with Ninth Circuit authority including *Funky Films*
24 which establishes a rigorous standard even for substantial similarity in copyright cases, makes it
25 highly unlikely that Plaintiff's claim will survive summary judgment. Furthermore, discovery
26 relating to damages potentially will be voluminous and will require Defendants to expend
27 considerable time and resources reviewing, compiling and producing relevant information.
28 Defendants respectfully request that they not be compelled to undertake the onerous task of

producing highly confidential, sensitive, and voluminous information concerning the revenues, expenses, and profits of *Elysium* unless and until Plaintiff can demonstrate a genuine issue of material with respect to liability.

## EXPEDITED TRIAL PROCEDURE

Defendants do not believe that this case can be handled under the Expedited Trial Procedure of General Order No. 64.

## SCHEDULING

Defendants propose a bifurcated schedule as follows:

| Date: | Event: |
|---|---|
| March 14, 2014 | Initial disclosure of any experts on liability |
| April 18, 2014 | Disclosure of any rebuttal experts on liability |
| May 16, 2014 | Completion of fact and expert discovery on liability |
| July 31, 2014 | Deadline for hearing dispositive motions on liability |
| August 29, 2014 | Estimated ruling on dispositive motions |
| October 31, 2014 | Initial disclosure of any experts on damages |
| November 28, 2014 | Disclosure of any rebuttal experts on damages |
| December 31, 2014 | Completion of fact and expert discovery on damages |
| January 30, 2015 | Deadline for hearing dispositive motions on damages |
| February 19, 2015 | Pretrial conference |
| March 2, 2015 | Trial |

## TRIAL

Neither Plaintiff nor Defendants have requested a jury. Defendants anticipate a 5-7 day trial.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants have filed a Certification of Interested Entities or Persons pursuant to Local Rule 3-16 and a Corporate Disclosure Statement. (Dkt. Nos. 8-9.) The following parties and non-parties were identified as having a financial interest in the subject matter of the litigation or another interest that could be substantially affected by the outcome of the case:

Steve Wilson Briggs (Plaintiff); Neill Blomkamp (Defendant); Sony Pictures Entertainment Inc. (Defendant); TriStar Pictures, Inc. (Defendant); MRC II Distribution Company L.P. (Defendant); QED International, LLC (Defendant); Media Rights Capital II, L.P. (Parent of Defendant).

## OTHER MATTERS

Defendants are unaware at this time of other matters that may facilitate the just, speedy, and inexpensive determination of this matter.

DATED: January 9, 2014

Respectfully submitted,

KINSELLA WEITZMAN ISER
KUMP & ALDISERT LLP

By:   /s/ Michael J. Kump
Michael J. Kump
Attorneys for NEILL BLOMKAMP, SONY PICTURES ENTERTAINMENT INC., TRISTAR PICTURES, INC., MRC II DISTRIBUTION COMPANY L.P., and QED INTERNATIONAL, LLC

10021.00015/196939