Steve Wilson Briggs
681 Edna Way
San Mateo, CA 94402
Telephone: (510) 200 3763
Email: snc.steve@gmail.com

Pro Se Plaintiff



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| STEVE WILSON BRIGGS<br><br>Plaintiff<br><br>vs.<br><br>NEILL BOMKAMP, SONY PICTURES ENT., INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL II,L.P., and QED INTERNATIONAL<br><br>Defendants | Case No.: CV 13-4679 PJH<br><br>COPYRIGHT INFRINGEMENT CLAIM<br><br>NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>Judge: Hon. Phyllis J. Hamilton |

### NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

**PLEASE TAKE NOTICE** that, I, Plaintiff, Steve Wilson Briggs, respectfully beseech the Honorable Judge Phyllis J. Hamilton for leave to file a Second Amended Complaint (SAC), which will provide critical new details to facilitate a fuller view of the issues and details of this matter.

**Statement of Purpose.** This motion will be based on the Memorandum Of Points And Authorities, and the Proposed Order filed herewith,

## A BRIEF CASE BACKGROUND

1) The Plaintiff filed the initial Complaint on this court October 8th, 2013.

2) The Defense filed its Response And Affirmative Defenses to the Plaintiff's Complaint on November 27th, 2013. In that response the Defense declared that the Plaintiff had "erroneously named" Defendant, Media Rights Capital. Media Rights Capital (also "MRC") is the commonly known identity for the corporate Defendant who much later identified itself to the Court as Media Rights Capital II, L.P. "Media Rights Capital" or "MRC" is the first company credited in the film *Elysium*; and is credited by that name on the film's official website, as well as on MRC's own website –and ALL official film websites. The Defense further stated that the proper Defendant was an unknown company named "MRC II Distribution Company" –a company with virtually no information available online, and no known connection to the film "Elysium" (which was distributed by TriStar). Plaintiff believes this unfunded subsidiary (in name only) was used to deceive the Court, and evade accountability. So, should Plaintiff prevail, it would be impossible to collect damages from the film's financier, Media Rights Capital.

3) In response to the Defense suggesting that the Plaintiff had erroneously name Defendant "Media Rights Capital", Plaintiff filed his FAC on December 17, 2013.

4) In their Response And Affirmative Defenses to the FAC the Defense continued to insist that the proper Defendant was this unknown " MRC II Distributing Company".

5) <u>On January 3rd, 2014,</u> upon learning details of a seemingly questionable relationship between the Defense and MRC II, L.P. & MRC II Distribution Company, <u>Plaintiff filed a **Motion for Sanctions** against Defense Counsel, Michael Kump & Gregory Korn</u>,

6) January 16th, 2014, Plaintiff and Defense Counsel, Mikael Kump, first came before the Court at the **Initial Case Management Conference** (I.C.M.C.). At the I.C.M.C. the Defense Counsel named MRC II, L.P. as the proper Defendant. Plaintiff's Motion for Sanctions was denied at this I.C.M.C.

7) April 17th, 2014, Plaintiff and Defense Counsel, Greg Korn, came before the court for **Further Case Management Conference**, which Plaintiff requested, as he sought a 120

PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

continuance of all deadlines. The Honorable Judge Hamilton granted a 60 day continuance of all immediate deadlines, and postponed setting a Damages phase schedule or a Trial schedule until the outcome of the Liability phase.

## MEMORANDUM IN SUPPORT OF MOTION

Much of the new evidence Plaintiff hopes to present in his SAC pertains to supportive evidence for the *striking similarity* analysis (or *"probative similarity"*) "extrinsic" test. To determine *substantial similarity*, and *striking similarity* and confirm infringement. The Ninth Circuit relies on the "intrinsic" and "extrinsic" tests. As per **Cavalier v. Random House, 297 F.3d 815, 824 (9th Cir.2002) there can be no finding of substantial similarity unless the plaintiff satisfies both the extrinsic and intrinsic tests.**

Plaintiff's FAC detailed the copious infringement examples, but withheld many unusual, nuanced examples that will provide persuasive evidence supporting a judgment of striking similarity. But illuminating these new "extrinsic" details is but one of the Plaintiff's reasons to re-amend. Those reasons are:

1) To detail new and unusual "striking" examples of infringement for the "extrinsic" test.
2) To include the description of Plaintiff's satellite city, Uberopolis, from the first four drafts of his screenplay, as this setting will be a center of contentions in this lawsuit. The Defendants had access to this description of his satellite city on his early postings of Butterfly Driver on triggerstreet.com. Under 17 U.S. CODE § 106 (2) (to prepare derivative works based upon the copyrighted work) all versions of Plaintiff's description of his satellite city are Plaintiff's copyright, and part and parcel of, and inextricably linked to, this suit. The detailed description in the first four drafts was reduced to just few sentences in the 6th version (which was attached to FAC as Exhibit A) to reduce the screenplay's lengthy first act.
3) To eliminate unnecessary details contained in Plaintiff's lengthy 38 page FAC.
4) To add claims of *Contributory Copyright Infringement*, and evidence in support thereof, specifically directed at corporate Defendants Sony Pictures, Media Rights Capital, TriStar Pictures and QED International, whom Plaintiff believes all knew Defendant

Neill Blomkamp had misappropriated the expressions, ideas, structure, settings, themes, plot, goals, characters, character afflictions, etc. contained in Elysium –and failed to provide leadership, oversight, limits, or take any action to prevent this infringement.

5) To add the essential **page 91** back to Plaintiff's screenplay (Exhibit A), as it seems to have been somehow omitted when Plaintiff filed his First Amended Complaint.

## LAW AND PRECEDENT

The Court has the authority to grant Plaintiff's such motions, and is encouraged to do so under Rule 15(2), which states:

> **"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. <u>The court should freely give leave when justice so requires</u>."**

Similarly, in *Foman v. Davis*, (1962) the Supreme Court held:

> **"In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given."**

<u>Nolo's Plain-English Law Dictionary</u> provides an effective distillation of the common application of this tenet :

> **"…a second (or third, or fourth, etc.) version of a complaint submitted by the plaintiff or petitioner. A party may amend a complaint to correct facts, add new claims, substitute discovered names for persons sued as "Doe" defendants, or revise a cause of action after the court has found the complaint inadequate.**

I, Plaintiff, Steve Wilson Briggs, thank the Court for considering this request for leave to file an SAC.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 12th day of June, 2014.

Respectfully Submitted By: _____

Steve Wilson Briggs
681 Edna Way
San Mateo, CA 94402
Plaintiff, Pro Se