KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
NEILL BLOMKAMP, SONY PICTURES ENTERTAINMENT INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL II, L.P., and QED INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>    Plaintiff,<br><br>vs.<br><br>NEILL BLOMKAMP; SONY PICTURES ENT., INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL, and QED INTERNATIONAL,<br><br>    Defendants. | Case No. CV 13-4679-PJH<br><br>**DECLARATION OF JEFF ROVIN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY EXPERT REPORT OF JEFF ROVIN**<br><br>Date:   July 23, 2014<br>Time:   9:00 a.m.<br>Crtrm.: 3 |

## DECLARATION OF JEFF ROVIN

I, Jeff Rovin, declare as follows:

1.  I have been retained to testify as an expert in this action. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2.  Attached hereto as **Exhibit 1** is a true and correct copy of the expert report I prepared in this case. An accurate curriculum vitae is attached as Appendix 2 to my report.

3.  I have reviewed Plaintiff's motion to exclude my report and testimony. I have also reviewed Plaintiff's "rebuttal" to my report filed with the Court.

4.  Plaintiff first argues that I am not qualified to testify as an expert because I am not a copyright lawyer. I understand that defense counsel is addressing this matter in detail in an opposition brief, but I should note my own disagreement with Plaintiff's position. I have testified as an expert in numerous copyright infringement cases in the past involving literary works and feature films, which are listed in Appendix 3 to my report. In this case, where I am providing an opinion as to those portions of Plaintiff's screenplay which are common in other science fiction and action/adventure literature, films, comic books, and television series, my decades of experience as a professional writer and editor in these genres makes me highly qualified as an expert.

5.  Plaintiff argues on page 10 of his motion that I falsified and misstated my qualifications when I asserted that I "created" *Atlas Comics* in 1974. Plaintiff insists that the actual creator of *Atlas Comics* was Martin Goodman. Plaintiff misunderstands the language itself, resulting in an unfounded attack. Mr. Goodman was the <u>publisher</u> of *Atlas Comics*. His name is listed on the masthead as such. He put up the money to start the comic book company. Mr. Goodman hired me to create characters and both create and edit the stories at *Atlas Comics*. The terminology is common and widespread.

6. In addition to questioning my qualifications, Plaintiff criticizes a handful of my statements concerning the content of the works that are cited in my report. Notably, Plaintiff chooses only a few examples to contest out of the numerous works that I discuss in my report. Apparently, he agrees that I correctly described the vast majority of the books, comics, television shows, videogames and films that are discussed in my report.

7. In the few instances where Plaintiff's motion and rebuttal accuse me of misrepresenting the content of works, the criticisms have no merit. I stand by all of the descriptions of other science fiction material in my report. Respectfully, I believe it is Plaintiff who has mischaracterized these works to the Court.

8. For example, in my report on prior art, I describe a novel by Murray Leinster called *Space Platform*, which contains some of the elements that Plaintiff alleges are unique to his screenplay, such as the idea of a space station that is being built to escape the perils of life on Earth, and that would be resented by those who are not allowed onboard. (Report at 46-47.) On page 4 of his motion, Plaintiff argues that my descriptions are "simply astonishing" because "there is no 'space station' that Rovin speaks of." The Court need only look at the back cover of *Space Platform*, a copy of which is attached as **Exhibit 2** to this declaration, to see that Plaintiff is incorrect. The back cover of the book describes that the novel is about the building of a "Space Platform" that will be "[p]ropelled to an orbit 4000 miles from Earth" and will "serve as the starting place for man's exploration of mysterious outer space." The back cover also specifically refers to the "Space Platform" as a "station."

9. In another example, Plaintiff takes issue with my opinion that the idea of a protagonist who suffers from debilitating headaches is not original. At pages 63 to 67 of my report, I provide several examples of main characters in other works who had this same affliction, including in the film *Beneath the Planet of the Apes*. Another example was from a comic called *Warp*. Page 66 of my report shows a

page from the comic where the main character is suffering a debilitating headache like the main character in Plaintiff's screenplay. Plaintiff argues on page 6 of his motion that I falsely represented that this main character in the comic *Warp* has recurring headaches (plural). Plaintiff states that this character from *Warp* "has only one headache which occurs in the first issue." Again, Plaintiff is wrong. In the page from *Warp* that is pasted into my report at page 66, the main character states as he is doubled over in pain: ". . . A HEADACHE, MARY LOUISE, <u>THEY COME AND GO</u>." This is referring to a recurring condition. Also, the Court will see in two other pages from that same issue of *Warp*, which are attached hereto as **Exhibit 3**, that the main character refers to "these <u>attacks</u>" (plural) and describes one headache as "the worst attack I've had." These references make clear that the main character from *Warp* was suffering from recurring headaches, not a single headache as Plaintiff claims.

    10. All of Plaintiff's other attacks on my opinion are likewise baseless. For each of Plaintiff's claims, I can present additional material from the books, comics, and films that are discussed in my report to show that I have accurately described them when comparing them to Plaintiff's screenplay.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed June 24, 2014, at New York, New York.

Jeff Rovin

3