Steve Wilson Briggs
681 Edna Way
San Mateo, CA 94402
Telephone: (510) 200 3763
Email: snc.steve@gmail.com

Pro Se Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| STEVE WILSON BRIGGS | ) Case No.: CV 13-4679 PJH |
| Plaintiff | ) COPYRIGHT INFRINGEMENT CLAIM |
| vs. | ) **SECOND NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; MEMORANDUM AND POINTS OF AUTHORITIES** |
| NEILL BOMKAMP, SONY PICTURES ENT., INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL II,L.P., and QED INTERNATIONAL | |
| Defendants | Judge: Hon. Phyllis J. Hamilton |

### AMENDED NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

**PLEASE TAKE NOTICE** that Plaintiff, Steve Wilson Briggs, respectfully requests permission from the Honorable Judge Phyllis J. Hamilton for leave to file a Second Amended Complaint (SAC), to provide new charges and details of the facts and issues regarding this matt

**Statement of Purpose.** This motion will be based on the Memorandum Of Points And Authorities, and the Proposed Order filed herewith.

### MEMORANDUM AND POINTS OF AUTHORITIES

On June 12th, 2014, I, Plaintiff, Steve Wilson Briggs, submitted to the Court a Motion For Leave To File A Second Amended Complaint. The Plaintiff did not know to attach the SAC to the motion; thus, the Court explained, the motion was stricken.

1    The Plaintiff now submits this Second Notice of Motion and Motion For Leave To File A Second Amended Complaint, with the SAC now written and attached, hopeful that the Court will grant this leave.

Since making that first request for leave the Plaintiff has learned important new details, through discovery, including learning of new parties who were involved in, and who profited from, the infringement of his copyright. These newly discovered parties had various degrees of knowledge and responsibility for the crime. Therefore, these new parties, as well as appropriate charges, have been added to the SAC. Most of the new parties are subsidiaries of, parents of, or administrators of Defendant MRC II, L.P. And several of these parties were also named in the 2011 Copyright Infringement case of the great Phillip K. Dick's estate versus the various MRC "entities", in Coelho v MRC Dist. Co, et al, (CV 11-8913-ODW) concerning the film *The Adjustment Bureau*. In that case, too, the MRC "entities" used their many identities as a shield against responsibility. The Complaint explains page 7, line 12) that:

> **"MRC Distribution and MRC Holdings are both owned in whole or in part, by a common entity, MRC II Sub GP, LLC;… that at all times materially hereto, there exists a unity of interests and ownership among MRC Distribution, MRC Holdings, and Oaktree (collectively, the "MRC Defendants") such that any individuality either ceased to exist, or never existed in the first instance…"**

In the attached SAC the Plaintiff made the following changes to the FAC:

1) Plaintiff has added parties and provided justification for this.

2) Plaintiff added claims of **Contributory Copyright Infringement**, and **Vicarious Copyright Infringement**, and evidence in support thereof.

3) Plaintiff has eliminated unnecessary details contained in the FAC.

4) Plaintiff has added new details and examples of infringement for the "extrinsic" test.

5) Plaintiff has added a detailed description of his satellite city, Uberopolis, from the fourth drafts of his screenplay. The Defendants had access to this description on the Plaintiff's early postings of Butterfly Driver on triggerstreet.com. He later reduced the description for concision. Under 17 U.S. CODE § 106 (2) (to prepare derivative works based upon the copyrighted work) all versions of Plaintiff's description of his satellite city are Plaintiff's copyright, and part and parcel of, and inextricably linked to, this suit.

<u>17 U.S.C. § 101 **Derivation Works**: "…A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a "derivative work".</u>

## LAW AND PRECEDENT

The Court has the authority to grant Plaintiff's such motions, and is encouraged to do so under Rule 15(2), which states:

> **"In all other cases, a party may amend its pleading only with the opposing party's written  consent or the court's leave. <u>The court should freely give leave when justice so requires</u>."**

\

Similarly, in *Foman v. Davis*, (1962) the Supreme Court held:

> **"In the absence of any apparent or declared reason - such as undue delay, bad faith or  dilatory motive on the part of the movant, repeated failure to cure deficiencies  by amendments previously allowed, undue prejudice to the opposing party by virtue of  allowance of the amendment, futility of amendment, etc. - the leave sought should, as the  rules require, be "freely given."**

<u>Nolo's Plain-English Law Dictionary</u> provides an effective distillation of the common application of this tenet :

> **"…a second (or third, or fourth, etc.) version of a complaint submitted by the plaintiff   or petitioner. A party may amend a complaint to correct facts, add new claims, substitute discovered names for persons sued as "Doe" defendants, or revise a cause of action after the court has found the complaint inadequate.**

Thank you for considering this Amended Motion For Leave To File A Second Amended Complaint.

I will attach the SAC, the proposed order, the two contested screenplays, and a single attachment containing all of the other exhibits to this motion, as there doesn't appear to be another way to attach files to this motion, and separately to the SAC using the ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 18th day of July, 2014.

Respectfully Submitted By:   /s/  Steve Wilson Briggs

Steve Wilson Briggs
681 Edna Way
San Mateo, CA 94402
Plaintiff, Pro Se