KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
NEILL BLOMKAMP, SONY PICTURES
ENTERTAINMENT INC., TRISTAR
PICTURES, INC., MEDIA RIGHTS CAPITAL
II, L.P., and QED INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>             Plaintiff,<br><br>      vs.<br><br>NEILL BLOMKAMP; SONY PICTURES ENT., INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL, and QED INTERNATIONAL,<br><br>             Defendants. | Case No. CV 13-4679-PJH<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; DECLARATION OF GREGORY KORN IN SUPPORT THEREOF**<br><br>Date:      August 20, 2014<br>Time:      9:00 a.m.<br>Crtrm.:    3 |

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1                <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.**     **INTRODUCTION**

3       Defendants Neill Blomkamp, Sony Pictures Entertainment Inc., TriStar Pictures, Inc.,

4 Media Rights Capital II, L.P., and QED International, LLC ("Defendants") oppose the motion of

5 Plaintiff Steve Wilson Briggs to compel the production of documents.  Plaintiff's Motion asserts

6 varied claims of wrongdoing and conspiracy against Defendants and their counsel but concludes

7 with a simple request that Defendants produce documents in response to two of his document

8 requests: Request for Production Nos. 4 and 6.  (Mot. at 8.)

9       Defendants have served a supplemental response indicating that no responsive documents

10 exist as to Request No. 4 as narrowed by the Motion.  The Motion as to that request is therefore

11 moot and should be denied.

12       Plaintiff's demand to compel the production of documents in response to Request No. 6

13 should also be denied.  That request is overbroad and burdensome.  As a solution, Defendants

14 have offered to serve a verified interrogatory response which provides the relevant information

15 that Plaintiff is seeking through his document request.  Defendants respectfully request that the

16 Court either accept Defendants' proposal that it provide an interrogatory response in lieu of

17 producing documents, or that it deny outright Plaintiff's Motion as to this document demand.

18  **II.**     **FACTUAL AND PROCEDURAL BACKGROUND**

19       **A.**     <u>**Plaintiff's Claim Of Copyright Infringement**</u>

20       This is a case for copyright infringement which alleges that the feature film *Elysium*,

21 written and directed by the Oscar-nominated writer/director of the hit film *District 9*, Neill

22 Blomkamp, infringes a screenplay that Plaintiff wrote entitled *Butterfly Driver*.  (Dkt. No. 34.)

23 *Butterfly Driver* and *Elysium* are in fact not the least bit similar.  Plaintiff's speculative hypothesis

24 that Blomkamp copied his screenplay after finding it on a website called triggerstreet.com, where

25 Plaintiff had posted the screenplay seeking feedback from other writers, is absolutely false.

26 Blomkamp had never heard of that website before this case and did not obtain a copy of Plaintiff's

27 screenplay there or anywhere else.  Plaintiff is tilting at windmills in pursuing this matter, failing

28 to recognize that if his screenplay and *Elysium* perhaps share one or two abstract ideas, it is only

1   because they are "stock" ideas that can be found in <u>dozens</u> of science fiction works dating back a

2   century.  Defendants are filing a motion for summary judgment on July 30, 2014 and are confident

3   the Court will agree that these two works are nothing alike, let alone "strikingly similar" as

4   Plaintiff must prove given the lack of evidence of access.

5         **B.**    **<u>Plaintiff's Discovery Requests</u>**

6         Plaintiff served interrogatories on each Defendant which were largely harassing and sought

7   pertinent information only sparingly.  Numerous interrogatories, for instance, concerned Neill

8   Blomkamp's writing of *District 9*, which is not at issue in this case.

9         Most of Plaintiff's document requests were overbroad and inappropriate.  Plaintiff's

10  Request No. 3 is a prime example.  (*See* Declaration of Gregory Korn, Exh. 1.)  He sought "[a]ny

11  and all documents (emails, texts, letters, memos, etc.), between the Defendants, or between the

12  Defendants and any other unnamed interested party, IN ANY WAY concerning the screenplay or

13  the film or the prospective film "Elysium" (or the project "Elysium under any previous titles)

14  exchanged between February 1st, 2007 and October 7th, 2013."  That request encompassed <u>every</u>

15  written communication relating to *Elysium*, and would have required Defendants to produce

16  millions of pages of documents which do not inform the salient issue of whether *Butterfly Driver*

17  and *Elysium* are substantially/strikingly similar.

18        Defense counsel was willing to meet and confer with regard to Plaintiff's objectionable

19  discovery requests.  But in violation of Local Rule 37-1, Plaintiff filed his motion to compel

20  without ever contacting defense counsel to attempt to resolve any disputes.  (Korn Decl., ¶ 3.)

21        **C.**    **<u>The Motion To Compel</u>**

22        Plaintiff moves to compel the production of documents in response to Request for

23  Production Nos. 4 and 6.  (Mot. at 7-8.)  Request No. 4 sought all communications between

24  Blomkamp and the editors of *Elysium*, Julian Clarke and Lee Smith between June 2011 and

25  August 9, 2013.  (Korn Decl., Exh. 1.)  In connection with the Motion, Plaintiff explained that

26  Request No. 4 contained a typographical error, and that he was intending to request documents for

27  just the two month timeframe of June <u>2013</u> to August 9, 2013.  (*See* Dkt. No. 56.) Request No. 6

28  sought "[a]ll contracts and agreements between any and all Defendants pertaining to their

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

                                     4:13-CV-04679-PJH

1   participation in ANY facet of the writing, production, making, distribution, marketing, etc., of the

2   film 'Elysium.'" (*Id.*)

3          Pursuant to the Court's Order, defense counsel, Gregory Korn, contacted Plaintiff by

4   phone to discuss this Motion. (Korn Decl., ¶ 4.) That meet-and-confer did not resolve the dispute

5   as discussed more below. (*Id.* ¶¶ 4-8.)

6   **III.   ARGUMENT**

7          **A.   Plaintiff's Motion To Compel Production Pursuant To Request No. 4 Is**

8                **Mooted By Defendants' Serving Of A Supplemental Response**

9          Plaintiff explains that his Request No. 4, which seeks emails between Blomkamp and the

10  editors of *Elysium* from June 2013 to the film's release date, August 9, 2013, was intended to

11  corroborate his theory that Defendants scrambled at the last minute to edit the film to reduce the

12  appearance of similarities between it and Plaintiff's screenplay.[1] (Mot. at 3.) The theory is far-

13  fetched and false, and no documents exist to support it.

14         During their meet and confer, Mr. Korn informed Plaintiff that Blomkamp had no

15  documents responsive documents to Request No. 4 and that Defendants would be serving a

16  supplemental response to this effect. (Korn Decl. ¶ 4.) Plaintiff responded that he would consider

17  withdrawing his Motion as to Request No. 4 if the editors of *Elysium* confirmed in writing that

18  they did not communicate with Blomkamp from June 2013 to August 2013. (*Id.*) He later made

19  the same offer in writing. (*Id.* Exh. 2.) Mr. Korn then spoke with one of the film's two editors,

20  Julian Clarke, who confirmed over the phone and by email that the editing of *Elysium* concluded

21  well before June 2013, and that there were therefore no communications between the editors and

22  Blomkamp about the film from June 2013 to August 9, 2013. (*Id.* ¶ 8, Exh. 3.) Mr. Korn

23  _____

24         [1] Defendants properly objected to this request on the basis of relevance. Ninth Circuit case

25  law recognizes that it is not pertinent if an alleged infringer made changes to its work such that it
    was no longer similar to the copyrighted work, because "[c]opying deleted or so disguised as to be

26  unrecognizable is not copying." *See v. Durang*, 711 F.2d 131, 142 (9th Cir. 1983). The Northern
    District of California's opinion in *Quirk v. Sony Pictures Entertainment, Inc.* provides a

27  comprehensive explanation as to why it is only the underlined final work—a film, in both this case and
    *Quirk*—that is relevant in determining infringement. 2013 WL 1345075 (N.D. Cal. Apr. 2, 2013).

28

Kɪɴsᴇʟʟᴀ Wᴇɪᴛᴢᴍᴀɴ Iꜱᴇʀ Kᴜᴍᴘ & Aʟᴅɪꜱᴇʀᴛ ʟʟᴘ
808 Wɪʟꜱʜɪʀᴇ Bᴏᴜʟᴇᴠᴀʀᴅ, 3ʀᴅ Fʟᴏᴏʀ
Sᴀɴᴛᴀ Mᴏɴɪᴄᴀ, Cᴀʟɪꜰᴏʀɴɪᴀ 90401
Tᴇʟ 310.566.9800 • Fᴀx 310.566.9850

1  forwarded Mr. Clarke's email to that effect to Plaintiff.  (*Id.*)

2        In accordance with Plaintiff's narrowing of Request No. 4 and the information learned by

3  defense counsel, Defendants served a supplemental response to Request No. 4 stating that no

4  responsive documents exist.  (Korn Decl., ¶ 9, Exh. 4.)  The Motion as to Request No. 4 should

5  therefore be denied as moot.

6        **B.**    **The Court Should Deny Plaintiff's Overbroad Request No. 6**

7        Request No. 6 seeks all contracts and agreements "between any and all Defendants"

8  pertaining to *Elysium*.  Reading that request literally, there are no such agreements.  For

9  example—and as Plaintiff knows from Defendants' document production and interrogatory

10  responses—Neill Blomkamp's writing agreement was with an affiliate of Defendant Media Rights

11  Capital II that is not named in the case, Oaktree Entertainment.  TriStar Pictures, Inc. acquired the

12  rights to the film through a company called MRC II Distribution Company L.P., which is also not

13  named in the case.[2]  The particular parties that are named do not have any agreements "between"

14  them.

15        Nevertheless, Defendants assumed that Plaintiff intended to request all agreements relating

16  to the film entered into by the named Defendants, on the one hand, and anyone else, on the other,

17  whether or not the latter was a defendant.  Defendants objected to the request on the basis that it is

18  overbroad and seeks irrelevant documents.  And indeed, Plaintiff has no basis for demanding the

19  production of every contract entered into by every Defendant which has some relationship to

20  *Elysium*.  That could encompass a myriad of agreements that are not relevant, such as agreements

21  with actors, composers, crew, and others who were not involved in writing *Elysium*; location

22

23      [2] Plaintiff originally filed suit against an entity he referred to as "Media Rights Capital."
24  (Dkt. No. 1.)  The official name of the entity which financed and produced *Elysium* is MRC II
   Distribution Company L.P., and so Defendants responded on behalf of that company.  Refusing to
25  trust Defendants' representations that MRC II Distribution Company was the properly named
   entitiy, Plaintiff insisted that he was intending to sue a parent company called Media Rights
26  Capital II L.P.  The Court discussed the matter with Plaintiff at an initial case management
   conference, and at Plaintiff's insistence, the Court struck MRC II Distribution Company's answer
27  and ordered that Media Rights Capital II L.P.—which was not directly involved in financing or
   producing *Elysium*—respond.  (Dkt. No. 30.)

28

Kinsella Weitzman Iser Kump & Aldisert llp
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

1    agreements; agreements with caterers and equipment rental companies; and foreign distribution

2    agreements with companies not involved in producing *Elysium*.  It would be burdensome and

3    pointless for Defendants to produce these irrelevant contracts, especially since Plaintiff refused to

4    agree to a stipulated protective order and Defendants would have to heavily redact them.

5         Defense counsel, Gregory Korn, offered a compromise solution.  Understanding that

6    Plaintiff's goal in serving this request is to identify other companies that might be culpable in the

7    event *Elysium* is found to infringe Plaintiff's screenplay, Mr. Korn offered to provide a verified

8    interrogatory response identifying the entities who are responsible for the production and

9    distribution of the film.  (Korn Decl. ¶ 5.)  Plaintiff refused that offer, stating that he would "like

10   to see the actual contracts to trace all parties involved in the [alleged] infringement."  (*Id.* Exh. 2.)

11        Plaintiff overlooks that his request is overbroad and sweeps in a variety of agreements that

12   are irrelevant and not helpful in determining which parties are responsible for producing and

13   distributing *Elysium* and might be named in this suit.  Given Plaintiff's failure to narrow Request

14   No. 6 and his refusal to accept Defendants' offer of a compromise, the Motion to compel as to this

15   request should be denied.  That said, Defendants remain willing to provide the interrogatory

16   response proposed herein if the Court agrees that it is an appropriate compromise.

17   **IV.    CONCLUSION**

18        For the reasons discussed above, Defendants respectfully request that Plaintiff's Motion be

19   denied.

20   DATED: July 25, 2014                    Respectfully submitted,

21                                           KINSELLA WEITZMAN ISER
22                                           KUMP & ALDISERT LLP

23

24                            By:    */s/ Gregory P. Korn*
25                                   Gregory P. Korn
                                     Attorneys for Defendants
26                                   NEILL BLOMKAMP, SONY PICTURES
                                     ENTERTAINMENT INC., TRISTAR
27                                   PICTURES, INC., MEDIA RIGHTS CAPITAL II,
                                     L.P., and QED INTERNATIONAL, LLC
28   10021.00015/223266.1

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1

## DECLARATION OF GREGORY P. KORN

2    I, Gregory P. Korn, declare as follows:

3    1.    I am an attorney duly admitted to practice before this Court.  I am a partner with

4    Kinsella Weitzman Iser Kump & Aldisert LLP, attorneys of record for Defendants  NEILL

5    BLOMKAMP, SONY PICTURES ENTERTAINMENT INC., TRISTAR PICTURES, INC.,

6    MEDIA RIGHTS CAPITAL II, L.P., and QED INTERNATIONAL, LLC ("Defendants").  If

7    called as a witness, I could and would competently testify to all the facts within my personal

8    knowledge except where stated upon information and belief.

9    2.    Attached hereto as **Exhibit 1** is a true and correct copy of the first set of document

10   requests served by Plaintiff Steve Wilson Briggs on Defendants.

11   3.    Plaintiff failed to contact defense counsel to meet and confer concerning his motion

12   to compel before it was filed.

13   4.    After the Court ordered the parties to meet and confer on this Motion, I contacted

14   Plaintiff by phone on July 18, 2014 and we spoke about this Motion and the request to compel the

15   production of documents in response to Request Nos. 4 and 6.  I told Plaintiff that we had

16   contacted Neill Blomkamp to ask whether he had written communications with the editors of

17   *Elysium* ("Film") between June 2013 and the Film's release on August 9, 2013, and that Mr.

18   Blomkamp responded he did not.  I told Plaintiff that we would be filing a supplemental response

19   indicating that there were no documents responsive to Request No. 4 (as narrowed by Plaintiff's

20   Motion).  Plaintiff responded that he would consider withdrawing his Motion as to Request No. 4

21   if the editors of the Film confirmed that there were no responsive documents.

22   5.    I also discussed Request No. 6 with Plaintiff during our July 18 phone call.  I

23   proposed that as a compromise, instead of Defendants producing every contract relating to the film

24   (as Plaintiff appeared to be seeking), Defendants were agreeable to providing a verified

25   interrogatory response identifying the particular parties who were responsible for financing,

26   producing, and distributing the Film.  It was my understanding that this was the information

27   Plaintiff was seeking by way of Request No. 6, and Plaintiff did not disagree.

28

Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

6.     Our July 18 phone call was left with Plaintiff stating that he was not yet agreeing to anything but would consider the proposals I had made, especially if I provided written confirmation from the editors of the Film that there were no documents responsive to Request No. 4.

7.     Attached hereto as **Exhibit 2** is a true and correct copy of an email I received from Plaintiff on July 23, 2014.  In that email, Plaintiff stated that he would accept an affidavit from the editors of the Film that there were no emails with Blomkamp between June 2013 and August 2013.  Plaintiff's email states that he would not agree to my proposal to provide an interrogatory response naming the entities responsible for the Film, and that he wanted "to see the actual contracts to trace all parties involved in the [alleged] infringement . . . ."

8.     Per Plaintiff's suggestion, I spoke by phone on July 24, 2014 with one of the editors of *Elysium*, Julian Clarke.  Mr. Clarke informed me that his editing of the Film, and the editing of Lee Smith, concluded in the Spring 2013, well before June 2013.  Mr. Clarke told me that he had no communications with Blomkamp about the Film between June 2013 and its August 9, 2013 release date and instead had moved no to other projects.  Mr. Clarke was kind enough to provide me an email to that effect which could be forwarded to Plaintiff.  A true and correct copy of Mr. Clarke's email to me, and my forward to Plaintiff, is attached hereto as **Exhibit 3**.

9.     Because no documents are responsive to Request No. 4 as narrowed by this Motion, Defendants served a supplemental response to that effect, a true and correct copy of which is attached hereto as **Exhibit 4**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 25, 2014, at Santa Monica, California.

Gregory P. Korn



1   Steve Wilson Briggs
    681 Edna Way
2   San Mateo, CA 94402
    Telephone: (510) 200 3763
3   Email: snc.steve@gmail.com

4   Pro Se Plaintiff

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

11

12

13

14   STEVE WILSON BRIGGS                )   Case No.: CV  13-4679  PJH
                                        )
15              Plaintiff               )
                                        )
16         vs.                          )   PLAINTIFF'S FIRST SET OF REQUESTS
                                        )   FOR PRODUCTION OF DOCUMENTS
17   NEILL BOMKAMP, SONY PICTURES       )   TO DEFENDANTS NEILL BOMKAMP,
     ENT. INC., TRISTAR PICTURES, INC., )   SONY PICTURES ENTERTAINMENT
18   MEDIA RIGHTS CAPITAL (AKA MEDIA    )   INC., TRISTAR PICTURES, INC., QED
     RIGHTS CAPITAL II,L.P. & MRC), and )   INTERNATIONAL, MEDIA RIGHTS
19   QED INTERNATIONAL                  )   CAPITAL (AKA: MEDIA RIGHTS
                                        )   CAPITAL II, L.P. & MRC)
20              Defendants

21

22   PROPOUNDING PARTY: PLAINTIFF, Steve Wilson Briggs

23   RESPONDING PARTY:    DEFENDANTS, Neill Blomkamp, Sony Pictures Entertainment, Inc.,

24                        TriStar Pictures, Inc., Media Rights Capital (AKA: Media Rights

25                        Capital, L.P., and MRC), QED International.

26

27   SET NUMBER:          ONE

28
                                        - 1 -

1

## DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

2

3 TO: Defendants Neill Blomkamp, Sony Pictures Entertainment Inc, Media Rights Capital (AKA

4 Media Rights Capital II L.P., and MRC), TriStar Pictures, Inc., and QED International by and

5 through the Defendants' attorneys of record, Michael J. Kump and Gregory P. Korn. of the law firm

6 of Kinsell Weitzman Iser Kump and Aldisert LLP, 808 Wilshire Blvd, Santa Monica, CA 90401

7

## INSTRUCTIONS

8     1.  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, PLAINTIFF, Steve Wilson

9 Briggs, submits the following request for production of documents from DEFENDANTS Neill

10 Blomkamp, Sony Pictures Entertainment Inc, Media Rights Capital (AKA Media Rights Capital II

11 L.P., and MRC), TriStar Pictures, Inc., and QED International.

12     2.  Pursuant to FRCP Rule 34(a), Plaintiff acknowledges these requests are limited to the

13 scope of FRCP Rule 26(b), and when the Defendant(s) are unable to produce certain documents

14 because they fall outside of such scope, the Defendant(s) will provide a brief explanation as to why

15 they believe the documents fall outside the scope of the request.

16     3.  Pursuant to FRCP Rule 34(b)(2)(E), Plaintiff requests that when the Defendant(s)

17 produce the requested documents, which includes ALL electronically stored information (ESI),

18 the Defendant(s) will produce such documents or ESI as kept in the normal course of business or

19 will organize and label them to correspond to the categories in the request.

20     4.  Plaintiff requests that the Defendant(s) make good faith effort to produce all requested

21 documents that are reasonably obtainable from Defendants Neill Blomkamp, Sony Pictures

22 Entertainment Inc, Media Rights Capital (AKA Media Rights Capital II L.P., and MRC), TriStar

23 Pictures, Inc., and QED International.

24     5. Each of the Plaintiff's document requests are made of EACH Defendant, even if a

25 particular Defendant is not named by name in the request.

26

## DEFINITIONS

27     A.  **"Communication"** and **"communications"** means any and all inquiries, discussions,

28 conferences, conversations, negotiations, agreements, meetings, interviews, telephone

1 conversations, letters, notes, facsimiles, e-mail (email), memoranda, writings, or other forms of

2 communications, etc.

3     B. "**Document**", "**documents**", "**record**," "**records**", and "**correspondence**" shall means

4 all data, papers, transcriptions, emails (e-mails), texts, memos, letters, or diagrams of every nature,

5 etc., whether transcribed by hand or by some mechanical or electronic means, as well as sound

6 reproductions of oral statements or conversations.

7     C. "**Electronically stored information**" and "**ESI**" means any information on operational

8 systems including e-mail; text messages, instant messages; web pages; and anything stored on

9 computer or other electronic means.

10     D. "**Request**," and "**Requests**" mean and are limited to the numerical requests enumerated

11 in this motion for production of documents.

12     E. "**You**," and "**Defendant**" or "**Defendants**" unless used to identify a specific and clearly

13 understood Defendant these terms shall mean any and all of the Defendants: Neill Blomkamp, Sony

14 Pictures Entertainment Inc, Media Rights Capital (AKA Media Rights Capital II L.P., and MRC),

15 TriStar Pictures, Inc., and QED International, and any and all of these agents, representatives,

16 employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other

17 persons or entities acting or purporting to act on behalf of the Defendant(s). If these terms are used

18 to identify a specific and clearly understood Defendant, then these terms shall also include any and

19 all of the agents, representatives, employees, servants, consultants, contractors, subcontractors,

20 investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the

21 specified Defendant.

22     F.   "Agreement" means a contract, arrangement, or understanding, formal or informal, oral

23 or written, between two or more persons.

24     G. "ANY" means "any and all".

25     H. "MRC" will be used to mean Media Rights Capital, MRC II LP, or Media Rights Capital

26 II, LP (which alleges to be the same company as Media Rights Capital and MRC).

27     I.   The singular form of a noun or pronoun shall include within its meaning the plural form

28 of the noun or pronoun, and vice versa; and the past tense shall include the present tense so long as

the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as required to expose for the subsequent interrogatories all information or documents that would be excluded absent this definition.

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:**

Any and drafts and versions of the screenplay/script "Elysium" by Defendant Neill Blomkamp. *Please provide dates of completion and printing.

**REQUEST NO. 2:**

All copies of the screenplay/script by Neill Blomkamp forwarded to any other Defendant, or any employee or agent of any of the Defendants, in any and all formats (printed, PDF, RTF, etc.).

**REQUEST NO. 3:**

Any and all documents (emails, texts, letters, memos, etc.), between the Defendants, or between the Defendants and any other unnamed interested party, IN ANY WAY concerning the screenplay or the film or the prospective film "Elysium" (or the project "Elysium under any previous titles) exchanged between February 1st, 2007 and October 7th, 2013.

**REQUEST NO. 4:**

All documents (emails, texts, memos, letters or any other communication) pertaining to Elysium between Defendant Neill Blomkamp and Elysium's film editors Julian Clarke and Lee Smith between June 2011 and August 9th, 2013.

**REQUEST NO. 5:**

All documents (emails, texts, memos, letters or any other communication) exchanged between Defendants, or between Defendants and any other party, concerning Plaintiff or his works "Butterfly Driver" or "Uberopolis: City of Light", between January 2007 and October 7th, 2013.

**REQUEST NO. 6:**

All contracts and agreements between any and all Defendants pertaining to their participation in ANY facet of the writing, production, making, distribution, marketing, etc., of the film "Elysium".

**REQUEST NO. 7:**

ALL documents (emails, etc.) pertaining to any similarities and differences between Elysium and Plaintiff's "Butterfly Driver" or "Uberopolis: City of Light".

**REQUEST NO. 8:**

ALL documents (emails, texts, letters, conversations, etc.) between ALL Defendants and any other party, (whether party to this suit or not, including major cast members), in ANY WAY pertaining to ANY concerns about Elysium's story-line, plot, structure, character relationships, etc.

**REQUEST NO. 9:**

All documents or diaries pertaining to Elysium's editing schedule.

**REQUEST NO. 10:**

All documents (with date confirmation) illustrating the Defendants' (particularly Sony Pictures Ent. Inc, and MRC) due diligence to make sure Elysium was not an infringement of another artist's work.

**REQUEST NO. 11:**

All documents illustrating (with date confirmation) the Defendants' diligent efforts to check the merits of Plaintiff's claim of copyright infringement, before dismissing them as unfounded.


DATED: May 14th, 2014

Signed, _____

Steve Wilson Briggs
Plaintiff, In Pro Per

PLAINTIFF'S 1st REQUESTS FOR PROD. OF DOCUMENTS TO DFNDNTS CV 13-4679 PJH

1    Steve Wilson Briggs
     681 Edna Way
2    San Mateo, CA 94402
     Telephone: (510) 200 3763
3    Email: snc.steve@gmail.com

4    Pro Se Plaintiff

5

6

7

8

9                  UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

11

12

13

14   STEVE WILSON BRIGGS                    )  Case No.: CV 13-4679 PJH
                                            )
15              Plaintiff                   )
                                            )
16        vs.                               )
                                            )  **PROOF OF SERVICE**
17   NEILL BOMKAMP, SONY PICTURES ENT., INC.,)
     TRISTAR PICTURES, INC., MEDIA RIGHTS   )
18   CAPITAL II,L.P., and QED INTERNATIONAL )
                                            )
19              Defendants                  )

20   ─────────────────────────────────────

21

22

23

24

25

26

27   i

28   ─────────────────────────────────────────────────────────

                              - 1 -

1
2
3          **PROOF OF SERVICE**
4
5        This is to certify that on the 14th day of  May, 2014, I, Steve Wilson Briggs,
6     served, by way of the U.S. mail, true copies of the document described as **PLAINTIFF"S**
7   **FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**
8            **NEILL BLOMKAMP, SONY PICTURES ENTERTAINMENT INC,**
9            **TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL**
10   **(AKA: MEDIA RIGHTS CAPITAL II, L.P., & MRC),** on the interested parties below:
11
12            Michael J. Kump, and Gregory P. Korn
13            (of Kinsella, Weitzman, Iser, Kump & Aldisert)
14            808 Wilshire Boulevard, 3rd Floor
15            Santa Monica, California, 90401
16                   310 566 9800
17
18
19     Executed on May 14th, 2014
20
21            By,_____
22            Steve Wilson Briggs
23
24
25
26
27
28



**Gregory P. Korn**

| | |
|---|---|
| **From:** | Steve Wilson Briggs <snc.steve@gmail.com> |
| **Sent:** | Wednesday, July 23, 2014 11:53 AM |
| **To:** | Gregory P. Korn |
| **Subject:** | follow up re: document production requests |

Mr. Korn,

Last Friday, 7/18, I think we contemplated talking this week about arriving at an agreement to my discovery document requests -particularly the two following requests:

**REQUEST NO. 4:** All documents (emails, texts, memos, letters or any other communication) pertaining to Elysium between Defendant Neill Blomkamp and Elysium's film editors Julian Clarke and Lee Smith between June 2011 and August 9th, 2013.

**REQUEST NO. 6:** All contracts and agreements between any and all Defendants pertaining to their participation in ANY facet of the writing, production, making, distribution, marketing, etc., of the film "Elysium".

    After some consideration, I think my requests are reasonable, particularly given the level of cooperation I have paid your requests. If Julian Clarke and Lee Smith sign an affidavit that there exists no such emails, texts, etc., during the time frame in question, I will accept that. Otherwise, I don't find Neill Blomkamp's word, alone, sufficient.

    As far as the other item, "Request No. 6", I don't wish to modify that request. I'd like to see the actual contracts to trace all parties involved in the infringement of my exclusive rights under copyright law. If the Honorable Magistrate Judge Beeler disagrees, I'll accept my request as being somehow unreasonable at that point.

Thanks.

Steve Wilson Briggs

This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender and delete all copies of this email message along with all attachments. Thank you.

1

# EXHIBIT 3

**Gregory P. Korn**

| | |
|---|---|
| **From:** | Gregory P. Korn <GKorn@kwikalaw.com> |
| **Sent:** | Thursday, July 24, 2014 2:27 PM |
| **To:** | 'Steve Wilson Briggs' |
| **Cc:** | Michael J. Kump |
| **Subject:** | FW: |

Mr. Briggs,

I spoke with Julian Clarke this morning, and he confirmed to me that there are no emails with Neill Blomkamp concerning the editing of Elysium in the time frame at issue. Julian told me that the work he and Lee Smith did in editing and mixing the film actually concluded in the Spring of 2013.

Accordingly, we will be providing a supplemental response that there are no documents response to Request for Production No. 4.

Regards,

Greg

-----Original Message-----
From: Julian Clarke [mailto:julianclarke@me.com]
Sent: Thursday, July 24, 2014 10:26 AM
To: Jonathan Golfman; Gregory P. Korn
Subject:

Hi Gregory and Jonathan,

There is no email correspondence regarding editing on "Elysium" between myself and Neill Blomkamp between June 1st, 2013 and August 9th, 2013.

I completed editing work on Elysium several months before these dates, and thus there was no email discussion of work that had already been completed.

Best wishes,

Julian Clarke

This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender and delete all copies of this email message along with all attachments. Thank you.



1   KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
    MICHAEL J. KUMP (SBN 100983)
2     mkump@kwikalaw.com
    GREGORY P. KORN (SBN 205306)
3     gkorn@kwikalaw.com
    808 Wilshire Boulevard, 3rd Floor
4   Santa Monica, California 90401
    Telephone: 310.566.9800
5   Facsimile: 310.566.9850

6   Attorneys for Defendants
    NEILL BLOMKAMP, SONY PICTURES
7   ENTERTAINMENT INC., TRISTAR
    PICTURES, INC., MEDIA RIGHTS
8   CAPITAL II, L.P., and QED
    INTERNATIONAL, LLC

9

10              UNITED STATES DISTRICT COURT

11      NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

12

13  STEVE WILSON BRIGGS,            Case No. CV 13-4679-PJH

14              Plaintiff,
                                    **DEFENDANTS' SUPPLEMENTAL
15       vs.                        RESPONSE TO PLAINTIFF'S
                                    FIRST SET OF REQUESTS FOR
16  NEILL BLOMKAMP; SONY            PRODUCTION OF DOCUMENTS**
    PICTURES ENT., INC., TRISTAR
17  PICTURES, INC., MEDIA RIGHTS
    CAPITAL, and QED
18  INTERNATIONAL,

19              Defendants.

20

21

22  PROPOUNDING PARTY:      Plaintiff Steve Wilson Briggs

23  RESPONDING PARTIES:     Defendants Neill Blomkamp; Sony Pictures Ent.,

24                          Inc., TriStar Pictures, Inc., QED International,

25                          Media Rights Capital (AKA: Media Rights Capital

26                          II, L.P. & MRC)

27  SET NUMBER:             One (1)

28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

10021.00015/223261.1

DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST DOCUMENT REQUEST

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1    Pursuant to Fed. R. Civ. P. 34, Defendants Neill Blomkamp, Sony Pictures

2   Entertainment Inc., TriStar Pictures, Inc., Media Rights Capital II, L.P., and QED

3   International, LLC (collectively, "Defendants") hereby provide the following

4   supplemental response to Plaintiff's First Set of Requests For Production Of

5   Documents as follows:

6                    **RESPONSES TO REQUESTS FOR PRODUCTION**

7   **REQUEST NO. 4:**

8    All documents (emails, texts, memos, letters or any other communication)

9   pertaining to Elysium between Defendant Neill Blomkamp and Elysium's film

10   editors Julian Clarke and Lee Smith between June 2011 and August 9th, 2013.

11   **RESPONSE TO REQUEST NO. 4:**

12    Defendants incorporate by reference the Preliminary Statement and General

13   Objections set forth above.  Defendants object to the request on the basis that it

14   seeks the production of documents that are neither relevant nor reasonably likely to

15   lead to the discovery of admissible evidence.  Defendants object to the request on

16   the basis that it is overbroad, unduly burdensome, and harassing.

17   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

18    Defendants incorporate by reference the Preliminary Statement and General

19   Objections set forth in their initial responses.  Defendants object to the request on

20   the basis that it seeks the production of documents that are neither relevant nor

21   reasonably likely to lead to the discovery of admissible evidence.  Defendants object

22   to the request on the basis that it is overbroad, unduly burdensome, and harassing.

23   Subject to and without waiving the foregoing objections, Defendant responds as

24   follows:

25    With the understanding that Plaintiff has narrowed this request to the time

26   frame June 2013 to August 9, 2013, there are no responsive documents.

27

28

DATED: July 24, 2014

KINSELLA WEITZMAN ISER
KUMP & ALDISERT LLP


By: _____
    Gregory P. Korn
    Attorneys for Defendants
    NEILL BLOMKAMP, SONY PICTURES
    ENTERTAINMENT INC., TRISTAR
    PICTURES, INC., MEDIA RIGHTS
    CAPITAL II, L.P., and QED
    INTERNATIONAL, LLC

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1

## PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My
4    business address is 808 Wilshire Boulevard, 3rd Floor, Santa Monica, CA 90401.

5          On July 25, 2014, I served true copies of the following document(s) described as **DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST**
6    **SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

7

8    Steve Wilson Briggs                  *Plaintiff*
     681 Edna Way                         Tel.: (510) 200-3763
     San Mateo, CA 94402                  Email: snc.steve@gmail.com
9

10   ☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope for
11   collection and mailing, following our ordinary business practices. I am readily familiar with Kinsella Weitzman Iser Kump & Aldisert's practice for collecting and
12   processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business
     with the U.S. Postal Service, in a sealed envelope with postage fully prepaid.

13
     ☐ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons
14   at the fax numbers listed above. The telephone number of the sending facsimile machine was (310) 566-9850. No error was reported by the fax machine that I used.

15
     ☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the
16   document(s) to be sent from e-mail address choffman@kwikalaw.com to the person at the e-mail address above. I did not receive, within a reasonable time after the
17   transmission, any electronic message or other indication that the transmission was unsuccessful.

18
     ☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope
19   or package provided by the overnight service carrier and addressed to the person at the address above. I placed the envelope or package for collection and overnight
20   delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight
21   service carrier to receive documents.

22          I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office
23   of a member of the bar of this Court at whose direction the service was made.

24          Executed on July 25, 2014, at Santa Monica, California.

25

26   _____
     Candace E. Hoffman

27

28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850