KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
NEILL BLOMKAMP, SONY PICTURES ENTERTAINMENT INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL II, L.P., and QED INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>vs.<br><br>NEILL BLOMKAMP; SONY PICTURES ENT., INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL, and QED INTERNATIONAL,<br><br>Defendants. | Case No. CV 13-4679-PJH<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

# [PROPOSED] ORDER

Having reviewed all documents and evidence filed in support and opposition to Defendants' Motion for Summary Judgment, and good cause appearing therefor, the Court hereby GRANTS Defendants' Motion for the following reasons:

Plaintiff Steve Wilson Briggs ("Plaintiff") alleges that the feature film *Elysium* ("Film") infringes his copyrights in a screenplay entitled *Butterfly Driver* ("Screenplay").  "A plaintiff bringing a claim for copyright infringement must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (citation omitted).  Absent evidence of direct copying, plaintiff must demonstrate that (1) defendant had "access" to the plaintiff's work and (2) the two works are substantially similar.  *Id.*  "To determine whether two works are substantially similar, a two-part analysis—an extrinsic test and an intrinsic test—is applied." *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003).

Only the extrinsic test is applied at the summary judgment stage.  *Funky Films*, 462 F.3d at 1077.  "The extrinsic test focuses on 'articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events' in the two works."  *Id.*, quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994).  In applying the extrinsic test, courts must "take care to inquire only whether 'the **protectable elements, standing alone**, are substantially similar.'"  *Id.*, quoting *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir. 2002) (emphasis in original).

In this case, Plaintiff lacks evidence that Defendants had access to the Screenplay. Plaintiff's allegation that the writer/director of the Film, Defendant Neill Blomkamp, accessed the Screenplay on a website called triggerstreet.com is speculative and therefore unavailing. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000).  Further, the allegation of access is rebutted by Blomkamp's uncontroverted declaration filed with Defendants' motion. Accordingly, Plaintiff must prove "striking similarity" between the Screenplay and the Film to support an inference of copying.  *Three Boys Music*, 212 F.3d at 485.

Plaintiff can establish neither striking nor substantial similarity. There are no discernable similarities between the protectable expression in the Screenplay and the Film. Plaintiff's allegations of similarity rely upon abstract concepts and general plot ideas. As a matter of law, those general ideas are unprotected. *Funky Films*, 462 F.3d at 1081. Further, the evidence demonstrates that most if not all of the ideas that Plaintiff alleges were copied can be found in prior works, particularly in the science fiction genre, and are unprotected for that additional reason. *See*, *e.g.*, *Bernal v. Paradigm Talent & Literary Agency*, 788 F.Supp.2d 1043, 1065 (C.D. Cal. 2010); *Wild v. NBC Universal, Inc.*, 788 F.Supp.2d 1083, 1099-1100 (C.D. Cal. 2011). Even if those ideas had been appropriated by Defendants from the Screenplay—the evidence belies that they were—this would not constitute infringement. *Funky Films*, 462 F.3d at 1081; *see also Benay v. Warner Bros. Entertainment, Inc.*, 607 F.3d 620, 625 (9th Cir. 2010).

Accordingly, Defendants' Motion for Summary Judgment is granted in its entirety.

SO ORDERED.

DATED: _____, 2014

_____
Hon. Phyllis J. Hamilton
United States District Judge