KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
NEILL BLOMKAMP, SONY PICTURES
ENTERTAINMENT INC., TRISTAR
PICTURES, INC., MEDIA RIGHTS CAPITAL
II, L.P., and QED INTERNATIONAL, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)**

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>    Plaintiff,<br><br>vs.<br><br>NEILL BLOMKAMP; SONY PICTURES ENT., INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL, and QED INTERNATIONAL,<br><br>    Defendants. | Case No. CV 13-4679-PJH<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; DECLARATION OF GREGORY KORN IN SUPPORT THEREOF**<br><br>Date:   Unnoticed<br>Time:   Unnoticed<br>Crtrm.:  3 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, Plaintiff Steve Wilson Briggs alleges that the feature film *Elysium* ("Film"), written, produced and distributed by Defendants Neill Blomkamp, Sony Pictures Entertainment Inc., TriStar Pictures, Inc., Media Rights Capital II, L.P., and QED International, LLC (collectively, "Defendants"), infringes a screenplay he wrote entitled *Butterfly Driver*. On July 18, 2014, just a couple of weeks before the filing of dispositive motions for summary judgment, Plaintiff filed this motion seeking leave to file a **Second** Amended Complaint ("SAC"). (Dkt. No. 61.) Defendants respectfully oppose Plaintiff's motion. Plaintiff's request is untimely under the Court's Case Management and Pretrial Order (Dkt. No. 31), which required all motions to amend be filed no later than 90 days before the close of discovery—*i.e.*, on or before March 18, 2014. [1] Under Fed. R. Civ. P. 16(b), Plaintiff must show "good cause" to modify the Court's Pretrial Order. He does not, because: (a) Plaintiff was not diligent in seeking to amend; (b) he fails to adequately allege claims against the newly-named parties; and (c) his proposed amended pleading in large part violates Fed. R. Civ. P. 8(a) and is unnecessary.

"The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). For the reasons discussed below, the Court should exercise its broad discretion and deny Plaintiff leave to file the proposed SAC. Alternatively, Defendants request that the motion be denied without prejudice pending hearing on the parties' cross-motions for summary judgment, which Defendants believe will resolve the case and moot the instant Motion.

## II. ARGUMENT

### A. Plaintiff's Motion Is Untimely.

The Court's Case Management and Pretrial Order required Plaintiff to file any motion to amend "[n]o later than 90 days before fact discovery cutoff date . . . so that sufficient time remains

---

[1] The motion is also procedurally improper under Local Rule 7-2, in that Plaintiff failed to notice a hearing date.

to conduct discovery on added claims or parties." (Dkt. No. 31.) The initial fact discovery cutoff was May 16, 2014. (*Id.*) At Plaintiff's request, the Court continued that discovery cutoff to June 17, 2014. (Dkt. No. 37.) Granting Plaintiff the benefit of the later discovery cutoff date, his motion to amend was still due no later than March 18, 2014. The motion is therefore untimely and should be denied. *See Parker v. Joe Lujan Enterprises, Inc.*, 848 F.2d 118, 121 (9th Cir. 1988) (holding that there were "numerous grounds which more than adequately support" the denial of leave, including: "First, the motion for leave to amend was untimely under the district court's scheduling order, stipulated to by appellant, in violation of the local rules").

Plaintiff's motion mistakenly cites Fed. R. Civ. P. 15 and its liberal policy in favor of amendment. Because the Court issued a scheduling order setting a deadline for amendment, the standards in Fed. R. Civ. P. 16 apply. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled."). Under Rule 16, Plaintiff must show "good cause" to modify the Court's scheduling order. Fed. R. Civ. P. 16(b)(4). For the reasons discussed below, he does not.

### B. <u>Plaintiff Was Not Diligent In Seeking Leave To Add Claims And New Parties</u>.

Plaintiff seeks leave to (a) assert claims for contributory and vicarious infringement and (b) name several additional defendants. Plaintiff fails to demonstrate good cause for doing so.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Clearly, Plaintiff was not diligent in seeking leave to add claims of claims of contributory and vicarious infringement. The applicability of those claims should have been known to Plaintiff from the inception of the case. Plaintiff has no excuse for failing to include claims of contributory and vicarious infringement in his initial Complaint or his First Amended Complaint. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 739 (9th Cir. 2013) ("Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (internal quotations and citation omitted); *see also Aloe Vera of America, Inc. v. U.S.*, 233 F.R.D. 532, 535 (D. Ariz. 2005) (denying leave, *inter alia*, where

"Plaintiffs were aware of the facts supporting this theory of liability from the beginning" of the case).

Likewise, Plaintiff lacks good cause to name new defendants at this late stage of the case. As a preliminary matter, Plaintiff's request to add MRC II Distribution Company as a defendant is ironic and unwarranted. Plaintiff initially named an entity that he referred to as "Media Rights Capital." (*See* Dkt. No. 30.) In answering the complaint, MRC II Distribution Company L.P. voluntarily appeared and represented to both Plaintiff and the Court that **it** was the entity colloquially referred to as "Media Rights Capital" that financed and produced *Elysium*. (*Id.*) Plaintiff, however, accused MRC II Distribution Company L.P. of committing fraud in answering the complaint and sought sanctions against it. (*See* Dkt. No. 24.) The Court specifically discussed this issue with Plaintiff at an initial status conference, where Plaintiff refused to accept Defendants' invitation to construe his pleading as naming MRC II Distribution Company L.P. (Dkt. No. 30.) Instead, Plaintiff insisted upon pursuing a claim against a parent company, Media Rights Capital II, L.P., and not MRC II Distribution Company L.P. (*Id.*) Accepting Plaintiff's position, the Court **struck** the answer of MRC II Distribution Company L.P. and ordered Media Rights Capital II, L.P. to answer. (Dkt. No. 30.) Plaintiff must be estopped, therefore, from attempting to add MRC II Distribution Company L.P. back into the case.

Regarding the other parties that Plaintiff now seeks to add, several have been known to Plaintiff since the early stages of this case. The proposed SAC personally names two officers of MRC II Distribution Company, Mordecai Wiczyk and Asif Satchu. Plaintiff knew of these individuals at least since he filed his amended complaint in December 2013, where they are referenced by name. (Dkt. No. 17, Amended Complaint ¶ 13.) Plaintiff did not learn anything new about these individuals in discovery that explains his waiting until now to name them.

Plaintiff knew or reasonably should have known of newly-named defendant, Simon Kinberg. He is the producer of the film and is identified as such on the ubiquitous Internet Movie Database (also known as "imdb"). Plaintiff is aware of imdb.com: he has his own personal page on that site.

If any of the entities added to the proposed SAC were not known to Plaintiff until Defendants served their discovery responses in June 2014, Plaintiff has only himself to blame. For months after the Court's January 2014 case management conference, Plaintiff served no discovery on Defendants. (Korn Decl. ¶ 2.) Pursuant to Local Rule 37-3, Plaintiff was required to serve discovery no less than 30 days before the May 16 cut-off date. *See* L.R. 37-3 ("Unless otherwise ordered, as used in any order of this Court . . . a 'discovery cut-off' is the date by which all responses to written discovery are due . . . ."). He allowed that deadline to pass. (Korn Decl. ¶ 2.) At an April 17, 2014 conference requested by Plaintiff, the Court continued the discovery cut-off and allowed Plaintiff until May 16, 2014 to serve discovery. (Dkt. No. 37.) He then waited until May 12—almost the last day allowed—to begin serving that discovery. (Korn Decl. ¶ 2.)

Courts routinely deny leave to amend to add new parties where the plaintiff failed to discover the parties sooner because of its own lack of diligence. *Home Depot U.S.A., Inc. v. U.S. Fidelity & Guar. Co.*, 2009 WL 981321 *4 (N.D. Cal. Apr. 13, 2009) (denying leave to add a new party where "Home Depot did not act diligently to obtain the information necessary to meet" the Court's deadline for amendment of pleadings); *Everson v. Everson*, 2010 WL 5184249 *1 (D. Ariz. Dec. 15, 2010) ("Nor will the Court permit late amendment to its Scheduling Order to add parties or factual allegations when there is no apparent reason that the facts were not previously discovered and previously alleged, particularly at this late date in the litigation."); *Chapman v. Journal Concepts, Inc.*, 2008 WL 4107842 *1 (D. Haw. Sep. 2, 2008) (denying to motion to amend for lack of good cause where Plaintiff's own discovery delays were to blame for its failure to acquire information about new parties earlier); *Estate of Gonzalez v. Hickman*, 2007 WL 3237639 *1 (C.D. Cal. Jan. 8, 2007) (denying leave where "Plaintiffs have offered no justification for their considerable delay in seeking to amend to add additional parties").

Leave should be denied here as it was in the above cases. Several of the newly named defendants, including MRC II Distribution Company L.P. and Messrs. Wiczyk, Satchu, and Kinberg, were known to Plaintiff from the outset of the case. The other parties who Plaintiff seeks to name could have been discovered months ago had Plaintiff conducted discovery promptly.

Plaintiff should not be allowed to amend for a second time at this late date, especially when cross-motions for summary judgment are pending and are likely to resolve the case. *Johnson*, 975 F.2d at 609 (holding regarding the "good cause" requirement of Fed. R. Civ. P. 16(b) that "[i]f that party [seeking leave] was not diligent, the inquiry should end").

### C. Leave Should Be Denied Because The Proposed SAC Pleads Insufficient Facts Against The Newly-Named Parties.

Leave should also be denied because Plaintiff lacks a factual basis to name most if not all of the new defendants that he adds to the proposed SAC. The motion states in conclusory fashion that "[t]hese newly discovered parties had various degrees of knowledge and responsibility for the crime." (Mot. at 2.) Plaintiff does not allege sufficient **facts** to support this assertion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... [Rule 8] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Plaintiff names several entities with MRC II Distribution Company L.P. (Proposed SAC ¶ 57), as well as two individual officers of MRC II Distribution Company, Messrs. Wiczyk and Satchu, none of whom are alleged to have written *Elysium*. To plead a claim of copyright infringement against these new parties, Plaintiff would need to allege facts to support a theory of contributory or vicarious liability. Vicarious liability requires a showing that the defendant "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262 (9th Cir. 1996). For contributory infringement, Plaintiff must allege that the defendant knew or should have known of the infringement. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020 (9th Cir. 2001) ("Contributory liability requires that the secondary infringer 'know or have reason to know' of direct infringement."). Plaintiff must also allege that the defendant "induce[d], cause[d], or materially contribute[d] to the infringing conduct of another." *Id.*

None of these predicates for vicarious and contributory infringement are pled. The only new defendant as to whom the SAC attempts to allege facts supporting responsibility for the alleged infringement is Simon Kinberg. The proposed SAC states that interrogatory responses

from Defendants revealed that Kinberg "contributed to the writing of the screenplay 'Elysium.'" (Proposed SAC ¶ 59.) That is misleading. The interrogatory response Plaintiff is referring to is from Blomkamp and states:

> I wrote the script for the Film without Mr. Kinberg's assistance.
>
> **After photography of the Film began**, Mr. Kinberg reviewed edits to the script and worked with me to develop ideas for revisions to the script.

(Korn Decl., ¶ 3 (emphasis added).) Kinberg could not be a contributory infringer merely because he assisted in revising Blomkamp's script **after** the Film began shooting. Plaintiff would need to allege and prove that Kinberg **knew** Blomkamp's screenplay was infringing and intentionally contributed to that infringement. *Napster*, 239 F.3d at 1020. Those essential allegations are missing and could not be asserted in good faith under Fed. R. Civ. P. 11.

Because Plaintiff does not sufficiently plead claims against the newly-added defendants, his motion should be denied.

### D. Leave To Supplement The FAC's Allegations Of Similarity Is Unnecessary.

The Court should further deny leave on the basis that Plaintiff's proposed SAC violates Rule 8(a). For the second time, Plaintiff is seeking to amend in order to tinker with the allegations that his screenplay *Butterfly Driver* and the film *Elysium* are substantially similar. Those changes are wholly gratuitous and serve no purpose other than to force Defendants to file their third answer in the case.

Rule 8(a) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In a copyright infringement action, a simple allegation that Plaintiff owns a valid copyright in his *Butterfly Driver* screenplay, that Defendants copied protectable expression from the screenplay, and that *Elysium* is substantially or strikingly similar thereto would suffice. *See DocMagic, Inc. v. Ellie Mae, Inc.* 745 F.Supp.2d 1119, 1148 (N.D. Cal. 2010); *Atlantic Recording Corp. v. Serrano*, 2007 WL 4612921 *2-3 (S.D. Cal. Dec. 28, 2007); *Robert Kubicek Architects & Assoc. v. Bosley*, 2009 WL 3188391 *2 (D. Ariz. Sep. 29, 2009).

As it stands, Plaintiff's prior pleadings are **too detailed** for Rule 8(a).  Plaintiff's initial complaint contained paragraph after paragraph describing purported similarities between his screenplay and *Elysium*.  In his First Amended Complaint ("FAC"), Plaintiff revised and added to those paragraphs.

Defendants could have requested dismissal of the initial complaint or the FAC for failure to comply with Rule 8(a).  *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir. 1981) (affirming dismissal of complaint without leave for failure to comply with Fed. R. Civ. P. 8(a)); *see also Jacobson v. Schwarzenegger*, 226 F.R.D. 395 (C.D. Cal. 2005).  They did not do so because they welcome the opportunity for the Court to hear the case on the merits.

This time, however, Defendants are compelled to object.  Plaintiff seeks to file a SAC that once again refines his needless litany of claimed similarities.  Plaintiff states that his proposed SAC "eliminated unnecessary details contained in the FAC," "added new details and examples of infringement," and "added a detailed description of his satellite city, Uberopolis, from the fourth drafts [sic] of his screenplay."  (Mot. at 2.)  None of these changes are necessary for Plaintiff to plead a claim, and it would violate Rule 8(a) for Plaintiff to do so when  Defendants have not even asserted a facial attack on the pleadings.

Plaintiff appears to believe that his changes to the allegations about *Butterfly Driver* and *Elysium* will be relevant to the Court's resolution of the case on summary judgment or at trial.  That is incorrect.  A complaint's allegations of similarities between a copyrighted work and an accused work have no evidentiary value.  The works themselves control and govern the determination of substantial similarity.  *See Peter F. Gaito Architecture v. Simone Development*, 602 F.3d 57, 64 (2nd Cir. 2010) (holding that "the works themselves supersede and control contrary descriptions of them," including "any contrary allegations, conclusions or descriptions of the works contained in the pleadings") (quoting 3-12 *Nimmer on Copyright* §12.10); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941-942 (10th Cir. 2002) ("When a district court considers the original work and the allegedly copyrighted work in deciding a 12(b)(6) motion, the legal effect of the works are determined by the works themselves rather than by the allegations in the complaint.").

Accordingly, all of the changes that Plaintiff proposes to make in his descriptions of supposed similarities between the works at issue are irrelevant and leave should be denied.

### E. At A Minimum, The Court Should Defer A Ruling.

While Defendants believe that leave should be denied outright, at a minimum the motion should be deferred until after a ruling on Defendants' summary judgment motion. Because Defendants moved for summary judgment on the basis of the lack of substantial similarity and did not argue therein that Plaintiff named the incorrect parties, Plaintiff would not be prejudiced by deferring a ruling until after a hearing on the motion. If the summary judgment motion is granted on the basis of lack of substantial similarity, it will moot Plaintiff's request for leave to add parties and to add claims for vicarious and contributory liability, all of which likewise fail if the two works at issue are not substantially/strikingly similar.

## III. CONCLUSION

For the reasons discussed above, Defendants respectfully request that Plaintiff's motion be denied or that a ruling be deferred.

DATED: August 1, 2014               Respectfully submitted,

                                    KINSELLA WEITZMAN ISER
                                    KUMP & ALDISERT LLP


                                    By:    */s/ Gregory P. Korn*
                                           Gregory P. Korn
                                           Attorneys for Defendants
                                           NEILL BLOMKAMP, SONY PICTURES
                                           ENTERTAINMENT INC., TRISTAR
                                           PICTURES, INC., MEDIA RIGHTS CAPITAL II,
                                           L.P., and QED INTERNATIONAL, LLC

10021.00015/222972

# DECLARATION OF GREGORY P. KORN

I, Gregory P. Korn, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Kinsella Weitzman Iser Kump & Aldisert LLP, attorneys of record for Defendants NEILL BLOMKAMP, SONY PICTURES ENTERTAINMENT INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL II, L.P., and QED INTERNATIONAL, LLC. If called as a witness, I could and would competently testify to all the facts within my personal knowledge except where stated upon information and belief.

2. Plaintiff first served discovery in this case on May 12, 2014.

3. Defendant Neill Blomkamp was asked in an interrogatory about the involvement of *Elysium*'s producer, Simon Kinberg, in writing the film. Blomkamp responded: "I wrote the script for the Film without Mr. Kinberg's assistance. After photography of the Film began, Mr. Kinberg reviewed edits to the script and worked with me to develop ideas for revisions to the script."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 1, 2014, at Santa Monica, California.

_____
Gregory P. Korn