UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE WILSON BRIGGS,

    Plaintiff,

        v.

NEILL BLOMKAMP, et al.,

    Defendants.

_____/

No. C 13-4679 PJH

**ORDER**

    Plaintiff Steve Wilson Briggs filed a motion for summary judgment on July 30, 2014. The court previously advised plaintiff, who is proceeding pro se, of the requirements of summary judgment motions. See First Notice of Filing of Motion for Summary Judgment (Doc. 38) filed April 17, 2014.  Of particular relevance here, the Notice advised that motions for summary judgment must be properly supported by specific facts set forth in declarations, depositions, answers to interrogatories, or authenticated documents. See Fed. R. Civ. P. 56(c).  If a party fails to comply with this requirement, the court may "provide the party an opportunity to properly support or address the fact." See Fed. R. Civ. P. 56(e).

    Plaintiff's motion consists of a memorandum of points and authorities, to which is attached fifteen exhibits.  One of the exhibits consists of four declarations, which can stand on their own.  However, the remaining exhibits do not constitute admissible evidence either because they are not authenticated or because they are not attached to a proper request for judicial notice.  "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).  "Authentication is a 'condition precedent to admissibility.'" Id.  "To satisfy the

requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

In a summary judgment motion, documents and other evidence may be authenticated through personal knowledge, if they are attached to an affidavit or declaration that meets the requirements of Rule 56(c) (affidavit or declaration made on personal knowledge, setting out facts that would be admissible in evidence, and showing that the affiant or declarant is competent to testify on the matters stated).  That is, the declaration must identify the document or other evidence, and must state that the declarant has personal knowledge of the document.

Alternatively, for matters that are subject to judicial notice – those "generally known within the trial court's jurisdiction," and those that "can accurately and readily be determined from sources whose accuracy cannot reasonably be questioned" – the documents may be attached to a separate request for judicial notice.  See Fed. R. Evid. 201.

No later than August 6, 2014, plaintiff must file a declaration under penalty of perjury authenticating the documents attached to the complaint, or as to any that are subject to judicial notice, a request for judicial notice.

**IT IS SO ORDERED.**

Dated:  August 4, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

2