examiner.com

Box Office: 'Guardians' blows audiences and critics away

# Achilles' heel: The copyright infringement case against "Elysium"



Zack Mandell
LA Film Industry Examiner

October 23, 2013

Copyright infringement is a serious charge in Hollywood. It is even more so when it's leveled against a major studio, popular director, and hit movie. This is what makes it so unfortunate that what looks to be a major copyright infringement lawsuit has been filed in the US District Court of Northern California against Sony TriStar and Neill Blomkamp over the screenplay for the film "Elysium," which is in theaters now.

The case was brought by Steve Wilson Briggs, the full-time teacher's aide and part-time screenwriter from Redwood City, California, who wrote "The Amazing Mr. Excellent." Mr. Briggs

claims in his suit to have written a spec script that is substantially similar to the central plot of **"Elysium."** He further claims that the producers of the movie had access to the script in advance of filming, that certain elements in the story are essentially identical, and that the filmmakers have taken steps to conceal their use of Mr. Briggs' work.

Some of the similarities noted in the brief include the arc of the plot, the attributes of numerous characters, and the central themes of the story. The plaintiff also alleges that "Elysium" makes unpaid use of his draft's unusual settings, elements of his story's conflict, and the unique twist at the climax of his screenplay.

While it's certainly true that such central elements of a screenplay can easily be duplicated by accident—there are, after all, only so many different plots that can be put into a movie—the case alleges that there are far more telling borrowings. Mr. Briggs claims that the movie's hero has a similar "character affiliation" and that even very superficial elements have been left unchanged from his version, such as the lead character's keepsake necklace and the importance attached to it in the story.

In any copyright infringement case, it isn't considered enough merely to show that one work is substantially similar to another, as the court recognizes that such similarities can easily come

about innocently. It's also necessary to show that the defendant(s) had access to the original source material at some point and even that efforts have been made to conceal the use of the material.

Here, it would seem that Mr. Briggs is on solid ground. His original screenplay, speculatively titled "Butterfly Driver," was first drafted sometime before May of 2005. A revised version of the piece was registered with the Writers' Guild of America-West in December of the same year. The plaintiff claims to have posted the script online at the screenwriting website Triggerstreet.com in February 2007.

It was by way of this website that Mr. Briggs alleges Mr. Blomkamp gained access to his work. The plaintiff alleges that neither the director nor the studio ever made an overture to buy, or otherwise pay for, the ideas in the script.

For their part, neither of the defendants has seen fit to release a public statement on the issue. This, again, is not at all unusual. Very often, a legal team will advise clients to avoid making any kind of public statement until either the case has been heard in an impartial court or resolved in a binding settlement. The reason for this is to avoid any unfortunate misstatements, or other improprieties, that could either compromise a defendant's bargaining position or contaminate the testimony of a witness.

However this particular case works out, whether it goes to a jury trial, gets thrown out in the pretrial stage, or—the most common outcome by far—comes to a quiet end with a discreet settlement, it helps to shed light on the vexing issue of copyright infringement and intellectual property rights in the entertainment industry.

Copyright law has been in a state of some disorder for decades now. While it used to be a relatively straightforward matter to allege infringement, with a plaintiff simply pointing to a previously written book, screenplay, or album, the modern industry has benefited from certain advances in technology that have made such infringement easier than ever as well as more difficult to prove. Beginning with audio cassettes and continuing through VHS, DVDs, and online file sharing, nearly every advance in the field has led to a greater fluidity of material. The fact that very few revisions have been made to copyright law in that time, combined with the pressure that industry groups have exerted on the process, has ensured that such changes have generally been too little, as well as too late.

It is to be hoped that Mr. Briggs and the defendants in this case reach some kind of understanding over the script of "Elysium." Beyond that, however, it is also to be hoped that the entertainment industry will generally reach some kind of equilibrium between the needs of content producers, media

consumers, and the corporate middlemen who bring them together.