United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE WILSON BRIGGS,

    Plaintiff,

    v.

NEILL BLOMKAMP, et al.,

    Defendants.
_____/

No. C 13-4679 PJH

**ORDER DENYING MOTION TO AMEND COMPLAINT**

    Before the court is plaintiff's motion for leave to file a second amended complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion.

## BACKGROUND

    Plaintiff Steve Wilson Briggs filed the above-entitled action on October 8, 2013, asserting a single cause of action for copyright infringement, against defendants Neill Blomkamp, Sony Pictures Entertainment, Inc., Tristar Pictures, Inc., Media Rights Capital (later realleged as Media Rights Capital II L.P. or "MRC II"), and QED International. On December 19, 2013, plaintiff filed a first amended complaint, against the same five defendants, who filed an answer on January 9, 2014.

    At the January 16, 2014, initial case management conference, the court bifurcated liability and damages, and set various pretrial deadlines, including discovery cut-off dates and deadlines for hearing dispositive motions. The January 17, 2014 Case Management and Pretrial Order also imposed a deadline for seeking to amend pleadings – 90 days

before the fact discovery cutoff date, or February 18, 2014.

On April 8, 2014, well after the deadline for seeking leave to amend pleadings, plaintiff filed a request for a 90-day continuance of the deadlines set in the Case Management and Pretrial Order, to allow him additional time to locate an attorney. He also requested a further case management conference.

The court held a further case management conference on April 17, 2014, at which time the court granted plaintiff's request to extend certain pretrial deadlines. Plaintiff's deadline for serving discovery requests and for responding to defendants' discovery requests was continued to May 16, 2014, and defendants were given until June 17, 2014 to respond to plaintiff's discovery requests. The deadline to complete fact and expert discovery (liability) was extended to June 17, 2014. The deadline for filing dispositive motions (liability) was extended to July 30, 2014, with the hearing to be set on September 3, 2014. All other pending deadlines were vacated.

On June 12, 2014, plaintiff filed a motion for leave to file a second amended complaint ("SAC"). On June 16, 2014, the court ordered the motion stricken because it did not include a copy of the proposed SAC. On July 18, 2014, plaintiff filed the present motion for leave to file a SAC. He did not notice the motion for hearing.

Plaintiff seeks leave to amend under Federal Rule of Civil Procedure 15(a). He asserts that since he made the prior request for leave to amend the complaint, he has discovered new details in discovery, regarding additional potential parties who were involved in and profited from the infringement of his copyright. He identifies those additional parties as MRC II Distribution Company; MRC II Holdings, L.P.; MRC II Sub GP, LLC; Oaktree Entertainment, Inc.; Asgari, Inc.; Sable Productions, Ltd.; Mordecai Wiczyk; Asif Satchu; and Simon Kinberg. He wants to add those parties as defendants, and also wants to add what he claims are new factual details. In addition, he wants to add causes of action for contributory copyright infringement and vicarious copyright infringement.

Defendants filed an opposition to the motion on August 1, 2014. Plaintiff did not file a reply to the opposition.

## DISCUSSION

A.  Legal Standard

Plaintiff seeks leave to amend pursuant to Federal Rule of Civil Procedure 15(a), which requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also, e.g., Chodos v. West Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pacific Properties and Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004). However, when a district court has already granted a plaintiff leave to amend, its discretion is deciding subsequent motions to amend is "particularly broad." Chodos, 292 F.3d at 1003 (citation omitted). In addition, amendments seeking to add claims are to be granted more freely than amendments adding parties. Union Pacific R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

Where the deadline set by the pretrial order for amending pursuant to court order of stipulation of the parties has passed, any request for leave to amend must be first be evaluated under the "good cause" standard of Federal Rule of Civil Procedure 16. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1991); see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). Considering only Rule 15(a) without regard to Rule 16(b) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999) (quoting Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)).

Under Rule 16(b), a pretrial schedule "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). A party seeking to amend a complaint after the deadline set in the case management and pretrial order must first show "good cause" under Rule 16(b), and then, if good cause is shown, must

3

demonstrate that the motion is proper under Rule 15. Johnson, 975 F.2d at 608. In determining whether good cause exists, courts primarily consider the diligence of the party seeking the modification. Id. at 609; see also Coleman, 232 F.3d at 1294. The court should focus on "the moving party's reasons for modification. If that party was not diligent, the inquiry should end." Johnson, 975 F.2d at 610.

B.  Plaintiff's Motion

Plaintiff contends that he has obtained new information in discovery that warrants amendment of the complaint to include allegations against additional entities and individuals who were allegedly involved in the production and/or distribution of "Elysium." He argues that under Rule 15, leave to amend should be freely given.

In opposition, defendants assert that the motion is untimely under the court's Case Management and Pretrial Order. They contend that Rule 15 and its "liberality of amendment" standard therefore does not apply, and that plaintiff must show "good cause" under Rule 16 to modify the court's pretrial order. They argue that plaintiff was not diligent in seeking leave to amend (waiting until just weeks before the motions for summary judgment were scheduled to be filed) – either in seeking leave to add new claims for contributory and vicarious infringement that he could easily have added earlier in the case, or in seeking to add new defendants that have been known to plaintiff since the early stages of the case, or that would have been known to him had he not delayed in propounding his discovery requests.

The motion is DENIED. The January 17, 2014 Case Management and Pretrial Order set a February 18, 2014 deadline for seeking leave to amend. Even if defendants were correct that the deadline for seeking leave to amend was extended to March 18, 2014, based on the April 17, 2014 order extending the deadline for the close of discovery to June 19, 2014, either deadline had already passed well before plaintiff filed the present motion on July 18, 2014. Because the motion was filed after the deadline, plaintiff is required to demonstrate good cause under Rule 16(b). He has not done so, and indeed, does not even mention Rule 16(b).

4

As for Rule 15, he does quote Foman and the "Foman factors" cited above, but does not provide any argument with respect to whether these factors do or do not apply in his case. He simply asserts that under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires."

Rule 16(b)'s good cause standard considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609.  If a party acted diligently but still cannot reasonably meet the scheduling deadlines, the court may modify the scheduling order. Id. However, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Id.  Here, plaintiff made no showing of diligence in his moving papers, and did not even file a reply to defendants' opposition to his motion, in an attempt to justify his lack of diligence.  It appears that he simply did not read the Case Management and Pretrial Order, not even the first page where the deadline to amend pleadings is set forth. Moreover, even were the court permitted to consider this motion solely under Rule 15 – which it cannot do – plaintiff has not included any argument supporting the relevant factors.

**CONCLUSION**

In accordance with the foregoing, plaintiff's motion for leave to file a second amended complaint is DENIED.

**IT IS SO ORDERED.**

Dated:  August 20, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge