KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
NEILL BLOMKAMP, SONY PICTURES ENTERTAINMENT INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL II, L.P., and QED INTERNATIONAL, LLC

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)**

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>vs.<br><br>NEILL BLOMKAMP; SONY PICTURES ENT., INC., TRISTAR PICTURES, INC., MEDIA RIGHTS CAPITAL, and QED INTERNATIONAL,<br><br>Defendants. | Case No. CV 13-4679-PJH<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: September 3, 2014<br>Time: 9:00 a.m.<br>Crtrm.: 3 |

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .......... 1

II. STANDARDS GOVERNING PLAINTIFF'S OPPOSITION .......... 1

III. ARGUMENT .......... 2

A. The Motion Does Not Rely On "Now Resolved Evidentiary Issues" .......... 2

B. Defendants Cited The Correct Standard For "Striking Similarity" .......... 3

C. The Opposition Fails To Establish That A Rational Trier Of Fact Could Find Striking Similarity Between The Works. .......... 4

D. No Credibility Issues Preclude Summary Judgment. .......... 5

E. Defendants' Motion Does Not Mistakenly Use The Term "Prior Art". .......... 8

F. The Supposed Opinions Of Internet Bloggers Are Inadmissible, Irrelevant, And Do Not Raise A Genuine Issue Of Fact .......... 9

IV. CONCLUSION .......... 9

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986) .......... 1, 2, 4

*Art Attacks Ink, LLC v. MGA Entertainment Inc.*
581 F.3d 1138 (9th Cir. 2009) .......... 3

*Bernal v. Paradigm Talent & Literary Agency*
788 F.Supp.2d 1043 (C.D. Cal. 2010) .......... 3, 4, 9

*Cavalier v. Random House*
297 F.3d 815 (9th Cir. 2002) .......... 9

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) .......... 1, 2, 3

*Detective Comics v. Bruns Publ.*
111 F.2d 432 (2d Cir. 1940) .......... 8

*Devereaux v. Abbey*
263 F.3d 1070 (9th Cir.2001) .......... 1

*Doody v. Penguin Group (USA) Inc.*
673 F.Supp.2d 1144 (D. Haw. 2009) .......... 6

*Fairbank v. Wunderman Cato Johnson*
212 F.3d 528 (9th Cir.2000) .......... 2

*Funky Films, Inc. Time Warner Entm't Co., L.P.*
462 F.3d 1072 (9th Cir. 2006) .......... 9

*Gasaway v. Nw. Mut. Life Ins. Co.*
26 F.3d 957 (9th Cir. 1994) .......... 2

*Kaplan v. Rose*
49 F.3d 1363 (9th Cir. 1994) .......... 2

*Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*
701 F.2d 95 (9th Cir. 1983) .......... 2

*Nelson v. Pima Community Coll.*
83 F.3d 1075 (9th Cir.1996) .......... 2

*Selle v. Gibb*
741 F.2d 896 (7th Cir. 1984) .......... 4

*Smith v. Jackson*
84 F.3d 1213 (9th Cir. 1996) .......... 8

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

*Soremekun v. Thrifty Payless, Inc.*
509 F.3d 978 (9th Cir.2007) .... 2

*Star Fabrics, Inc. v. Target Corp.*
2011 WL 4434221 n.3 (C.D. Cal. Sep. 22, 2011) .... 4

*Stewart v. Wachowski*
574 F.Supp.2d 1074 (C.D. Cal. 2005) .... 4

*T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*
809 F.2d 625 (9th Cir. 1987) .... 4

*Three Boys Music Corp. v. Bolton*
212 F.3d 477 (9th Cir. 2000) .... 3

**STATUTES**

Fed. R. Civ. P. 56(c)(1) .... 3

Fed. R. Evid. 701 .... 9

Fed. R. Evid. 702 .... 9

Fed. R. Evid. 801 .... 9

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The copyright infringement claim of Plaintiff Steve Wilson Briggs is premised on the far-fetched hypothesis that acclaimed writer/director Defendant Neill Blomkamp found his screenplay *Butterfly Driver* ("Screenplay") on the website triggerstreet.com during a few month period that it was posted there in 2007, held on to the Screenplay while he wrote and directed the Oscar-nominated hit *District 9* (released in 2009), and then returned to Plaintiff's work and copied it while writing the 2013 feature film *Elysium* ("Film"). It is an extraordinary claim which lacks a scintilla of evidence, and the time has come for the Court to summarily adjudicate this case.

Plaintiff does not come close to establishing a genuine issue of material fact with regard to the access and substantial similarity elements of his copyright infringement claim. Plaintiff's Opposition presents **no evidence** of access, and the only "similarities" to which he can point are the same vague and abstracted plot ideas which, as shown in Defendants' Motion, are unprotectable and are **expressed** in utterly dissimilar ways by the Screenplay and Film.

## II. STANDARDS GOVERNING PLAINTIFF'S OPPOSITION

One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548 (1986). It is "not a disfavored procedural shortcut," but rather is the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.2001) (en banc). Material facts are those that may affect the outcome of the case. *Liberty Lobby*, 477 U.S. at 248. A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* To carry this burden, for any issue on which the non-

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

moving party bears the burden of proof at trial, the moving party need not introduce any affirmative evidence of its own, but may simply point out the absence of evidence to support the nonmoving party's case. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000). Here, in fact, Defendants submitted declarations and documents in support of their Motion.

When the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Liberty Lobby*, 477 U.S. at 256-57. The non-moving party must go beyond the pleadings and must show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 324. "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir.2007); *see also Nelson v. Pima Community Coll.*, 83 F.3d 1075, 1081-82 (9th Cir.1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment").

A party who opposes a summary judgment motion merely by challenging the veracity of the moving party's testimony fails to meet its burden of showing a genuine issue of material fact. It is not sufficient for the opposing party simply to raise issues as to the credibility of the moving party's evidence: "[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment." *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983); *see also Kaplan v. Rose*, 49 F.3d 1363, 1378 (9th Cir. 1994), cert. denied, 516 U.S. 810 (1995) (plaintiff in fraud action is unable to defeat summary judgment by challenging veracity of defendant's testimony); *Gasaway v. Nw. Mut. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir. 1994) (holding that where the moving party has provided competent evidence, the non-moving party cannot avoid summary judgment by arguing that the evidence is "self-serving speculation that should be disregarded").

## III. ARGUMENT

### A. The Motion Does Not Rely On "Now Resolved Evidentiary Issues".

Plaintiff argues that the Motion is resolved because he has since authenticated the exhibits

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

attached to his First Amended Complaint ("FAC"). (*See* Opp. at 1-2.) Plaintiff misunderstands the Motion. Defendants did not argue that Plaintiff failed to authenticate the attachments to the FAC. There was, in fact, only one evidentiary issue addressed in Defendants' Motion—i.e., the absence of evidence of access.

Regarding access, Plaintiff states that he "dedicated over a page of his FAC . . . to alleging facts supporting the plausibility of Blomkamp accessing his screenplay no triggerstreet.com." (Opp. at 3.) Plaintiff is conflating allegations with evidence. He has **alleged** access, but those allegations are **not** evidence which can create a genuine issue of fact. *See Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(c)(1).

To establish a genuine issue of material fact on the element of access, Plaintiff needed to present authenticated, admissible **evidence** that Blomkamp obtained his Screenplay on triggerstreet.com. Such evidence, moreover, had to be "significant, affirmative and probative" of the issue. *Bernal v. Paradigm Talent & Literary Agency*, 788 F.Supp.2d 1043, 1053 (C.D. Cal. 2010), quoting *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). "[M]ere speculation or conjecture" would not suffice. *Id.*

Plaintiff's Opposition provides **no evidence** that Blomkamp accessed his Screenplay on triggerstreet.com. His hypothesis that Blomkamp did so is theoretical and does not create more than a "bare possibility" of access which fails as a matter of law. *See Art Attacks Ink, LLC v. MGA Entertainment Inc.*, 581 F.3d 1138 (9th Cir. 2009) (holding that the "slight chance" defendant may have visited a fair exhibiting plaintiff's works "does not create more than a 'bare possibility'" of access); *Bernal*, 788 F.Supp.2d at 1053. Further, the hypothesis is rebutted by the Declaration of Neill Blomkamp, which is uncontroverted by competent evidence. (Dkt. No. 65.)

Because Plaintiff fails to establish a genuine issue of material fact on the element of access, he must demonstrate a genuine issue of material fact as to "striking similarities" between the Screenplay and Film in order to survive summary judgment. (Mot. pp. 11-12.)

**B. Defendants Cited The Correct Standard For "Striking Similarity".**

Plaintiff disputes Defendants' citation to *Nimmer On Copyright* for the "striking similarity" standard. (Opp. at 4.) Nimmer's statement of the rule has been quoted with approval

in at least two California district court decisions. *See Stewart v. Wachowski*, 574 F.Supp.2d 1074, 1100-1101 (C.D. Cal. 2005); *Bernal*, 788 F.Supp.2d at 1052. Other federal courts in California have described the standard comparably. *See, e.g., Star Fabrics, Inc. v. Target Corp.*, 2011 WL 4434221 n.3 (C.D. Cal. Sep. 22, 2011).

Plaintiff asks the Court to adopt the standard in the Seventh Circuit's *Selle v. Gibb* opinion. (Opp. p. 4.) But the standard in *Selle* is essentially **identical** to the one set forth in *Nimmer* and in the cases cited by Defendants. 741 F.2d 896, 901 (7th Cir. 1984) (holding that striking similarity requires proof of "similarity which is so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded").

Whichever verbiage the Court uses, the Motion establishes that *Butterfly Driver* and *Elysium* are not strikingly similar (nor substantially similar) as a matter of law.

### C. <u>The Opposition Fails To Establish That A Rational Trier Of Fact Could Find Striking Similarity Between The Works</u>.

Plaintiff's burden on summary judgment is to establish that a rational trier of fact could find *Butterfly Driver and Elysium* so strikingly similar that it would be inconceivable for Blomkamp to have written the Film independently. *Liberty Lobby*, 477 U.S. at 248; *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 625, 631 (9th Cir. 1987) (holding that summary judgment is denied only if "a rational tier of fact might resolve the issue in favor of the nonmoving party"). To say the least, the Opposition fails to make this showing.

Plaintiff's only attempt at establishing striking similarity is to identify ten "events" and five "plot points" that are allegedly shared by the Screenplay and Film. (Opp. at 7-9.) These are the same highly abstracted comparisons that Defendants refute in the Motion and in their opposition to Plaintiff's summary judgment motion. (Mot. at 13-19; Dkt. No. 82 at 10-21.) Plaintiff ignores the extensive case law cited in the Motion establishing that these generalized ideas are unprotectable and are disregarded in applying the extrinsic test. He ignores that most if not all of these general ideas are "stock" in science fiction. And he ignores Defendants' exhaustive showing that these comparisons rely on unfair abstractions of the works which obscure the complete dissimilarity between the protectable elements of the plots.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Plaintiff's Opposition fails to demonstrate that the **protectable elements** in the plots and sequences of events are similar. Likewise, the Opposition fails to refute Defendants' showing that the characters, settings, and dialogue of the works are not similar whatsoever at the level of protectable expression.

**D. <u>No Credibility Issues Preclude Summary Judgment</u>.**

Plaintiff argues that summary judgment cannot be granted because Defendants' credibility is at issue. (Opp. at 4-7.) As "evidence" of Defendants' lack of credibility, Plaintiff points to five instances in which Defendants allegedly misrepresent *Butterfly Driver* and *Elysium*. (*Id.*)

There can be no issues of credibility when it comes to comparing works for striking similarity. The content of the Screenplay and Film is what it is.

Plaintiff's accusations of misrepresentation are baseless, moreover. In each of the five examples beginning at page 5 of the Opposition, Defendants **accurately** described the works and the lack of similarities:

**1. <u>Defendants' arguments concerning the need for an I.D.</u>** The FAC alleges that both works feature "a hero who is poor, and **needs I.D.** and transport to a satellite world." (FAC ¶ 46 (emphasis added).) Defendants have established that this idea is not similar as expressed. In *Butterfly Driver*, the protagonist is on the run from police and obtains a fake I.D. card so he can travel to Uberopolis without being caught. In *Elysium*, the protagonist has an I.D. mark burned onto his arm which will allow him to use a med bay on Elysium. (Mot. at 17; Dkt. No. 82 at 16-17.)

Plaintiff responds that his FAC was referring to the fact that "EVERYONE needs ID to enter Uberopolis" and not to the fact that his protagonist requires a fake I.D. (Opp. at 5.) This is dubious given that three pages later in the Opposition, Plaintiff contends that two purported similarities between the Screenplay and Film is that the "heroes contact underworld figures to get ID" and the "heroes successfully get fake ID." (Opp. at 8.)

In any event, this is a distinction with a difference. The relevant point is that the identification marks that are burned onto the arms of "aliens" who illegally travel to Elysium are unlike the identification cards that anyone in the Screenplay can use to travel to Uberopolis. And

of course, the idea that an identification card would be required to travel is not copyrightable. Besides being *scenes a faire* in science fiction (Rovin Report at 46-50), this idea of passing through "screening lines" and "X-ray devices" with ID cards is observable at any major airport in the world.

**2. <u>Defendants' Arguments Concerning Universal Health Care and Class Inequality</u>.** The Motion argues (correctly) that the Screenplay does not explore themes of universal health care and class inequality like the Film because in the Screenplay, Earth's population is free to travel or move to Uberopolis and typically has access to Plaintiff's fictional advanced medicine, Drexlerin. (Mot. at 16; *see also* Dkt. No. 82 at 15.) Plaintiff disagrees, arguing that "[t]here is great disparity between what is available on Earth and Uberopolis—even the middle class of Earth, dream of going to 'Sky Town' to get advanced treatments." (Opp. at 5-6.)

Plaintiff does not cite to anything in the Screenplay that was attached to the FAC to support this point. Instead, he cites to excerpts from **other versions** of his Screenplay.

These other versions of *Butterfly Driver* are not relevant. The FAC alleges infringement of just on version of the Screenplay. (FAC ¶ 1.) Plaintiff cannot establish infringement of that version of the Screenplay by pointing to material that is included only in **other** versions of the work. *Cf. Doody v. Penguin Group (USA) Inc.*, 673 F.Supp.2d 1144, 1155-1156 (D. Haw. 2009) (holding that a plaintiff's attempt to prove infringement by comparing a copyrighted work to a collection of works by author Clive Cussler was improper because infringement cannot be premised on "disparate aspects across multiple works").

That said, these other versions of the Screenplay do not undermine the arguments in the Motion. The excerpt Plaintiff attaches concerning the expense of living on Uberopolis states that the satellite city's amenities are available "for only a few million more than you'd pay on Earth." (Opp. at 6, citing Dkt. No. 79-2.) This confirms that the cost of living on Uberopolis and Earth are comparable and thus bolsters Defendants' argument that Uberopolis is not exclusive to the "super-rich" as Plaintiff alleged.

The excerpt Plaintiff attaches concerning the "low nine figure" price tag for genetic

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

reprogramming notes that the procedure was being made "available to the public." (Dkt. No. 79-1.) The "public" includes those living on Earth, as evidenced by other passages of Plaintiff's screenplays which refer to Earth's population traveling to Uberopolis for medical treatments. (*See* Opp. at 6-7.) This also corroborates Defendants' argument that *Butterfly Driver* does not portray a world like *Elysium* in which revolutionary medical care is available only to the exclusive population of a space station.

**3. __Defendants' Arguments Concerning Settings__.** Plaintiff disputes that his "giant satellite city for the rich which orbits an impoverished Earth" is "common" and "stock" in prior works. "[G]iant satellite city for the rich" and "impoverished Earth" are not accurate descriptions of the settings in *Butterfly Driver*. (Mot. at 15-16, 18-19; Dkt. No. 82 at 11-13, 19.) Even were they, Defendants provide numerous examples of works with dystopic futures and exclusive space stations. (*See generally* Rovin Report.) The Motion also demonstrates that the **expression** of settings in *Butterfly Driver* and *Elysium* is dissimilar whether or not they share abstract traits. (Mot. at 15-16, 18-19; Dkt. No. 82 at 11-13, 19.) Plaintiff has no response to the lack of similarity in the expression of these settings.

**4. __Defendants' Arguments Concerning the Availability of Drexlerin on Earth__.** Plaintiff disputes Defendants' assertion that "[i]n the Screenplay, the drug Drexlerin is equally available on Earth and on Uberopolis." (Opp. at 6.) Defendants' statement was accurate. The Motion acknowledged that Drexlerin was **momentarily** unavailable on Earth, but demonstrated that the drug **ordinarily** would have been available, and thus the Screenplay does not describe a chronic healthcare disparity between Earth and the satellite world as in *Elysium*. (Mot. at 16; *see also* Dkt. No. 82 at 15.)

Plaintiff argues that "earlier versions of his story" placed more emphasis on the disparity in healthcare between Earth and Uberopolis. These other versions of Plaintiff's Screenplay are not relevant. Nevertheless, they further **support** Defendants' argument. Plaintiff cites two passages of dialogue concerning organ transplants. (Opp. at 6-7.) The first notes that transplants **are** available on Earth, though they are subject to "transplant laws and waiting lines." (Opp. at 6.) **Both** passages, moreover, reflect that people living on Earth can travel to Uberopolis for these

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

procedures. (Opp. at 6-7.) These circumstances are the antithesis of *Elysium*.

**5. Defendants' Arguments Concerning the Lack of Similar Scenes.**

Plaintiff disagrees that the Screenplay and Film do not share any scenes, and yet he identifies only one purported example—the "headaches" supposedly suffered by the two protagonists in the Screenplay and Film. For the reasons described in the Motion and Defendants' opposition to Plaintiff's summary judgment motion, these scenes are **not** similar whatsoever.

In addition to these five examples, Plaintiff argues that the Motion misrepresented the number of references to "DNA reprogramming" in the Screenplay. (Opp. at 3.) Plaintiff is correct that defense counsel did not notice the additional reference to reprogramming at page 36 of the Screenplay when they prepared the Motion. The omission was inadvertent—not a "lie" as the Plaintiff argues—and does not affect Defendants' arguments. Defendants' argument is that the mere idea of genetic reprogramming to appear young is not protectable expression, and that the idea is not expressed similarly because the Screenplay never proposes the use of med bays as in *Elysium*. (Mot. at 16; Rovin Report at 71-72.) Both points are true no matter how many times Plaintiff's Screenplay references reprogramming.

**E. Defendants' Motion Does Not Mistakenly Use The Term "Prior Art".**

Plaintiff criticizes Defendants for using the term "prior art," which he argues is applicable only in patent cases. (Opp. at 2-3.) That term is used in the Report of defense expert Jeff Rovin, and it is used **once** in the Motion when quoting from Rovin's Report. (Mot. at 24.)

Plaintiff is incorrect that the term "prior art" is inapposite in the copyright context. Courts including the Ninth Circuit use this term to refer to the body of existing works as of the date Plaintiff wrote his screenplay. *See*, *e.g.*, *Smith v. Jackson*, 84 F.3d 1213, 1219 (9th Cir. 1996) ("A scenes a fair finding, unlike a finding of copyright validity, does not turn on whether plaintiff copied prior art."); *see also Detective Comics v. Bruns Publ.*, 111 F.2d 432, 433 (2d Cir. 1940) (noting in copyright case that "prior art" is relevant to the "question whether an alleged infringer has copied the author or has taken his material directly from the prior art").

The label that Defendants' Motion uses for this concept is also unimportant. The salient point is that the ideas allegedly copied by Defendants can be found in several past science fiction

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

works. The fact that these purportedly copied concepts are found in the existing body of prior science fiction—call it "prior art" or anything else—establishes that the concepts fall on the idea side of the idea/expression dichotomy and are therefore disregarded in testing for substantial/striking similarity. *See Funky Films, Inc. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006) quoting *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir. 2002) (holding that courts "filter out and disregard the non-protectable elements in making [a] substantial similarity determination."); *see also Bernal*, 788 F.Supp.2d at 1065 (disregarding allegedly copied elements that were found in prior works); *Wild v. NBC Universal, Inc.*, 788 F.Supp.2d 1083, 1099-1100 (C.D. Cal. 2011) (same).

**F. <u>The Supposed Opinions Of Internet Bloggers Are Inadmissible, Irrelevant, And Do Not Raise A Genuine Issue Of Fact</u>.**

Plaintiff relies upon three Internet articles commenting on his allegations, claiming they "confirm there is clear substantial similarity." (Opp. at 10.) The articles are clearly inadmissible hearsay. Fed. R. Evid. 801. They are incompetent lay opinion. Fed. R. Evid. 701, 702. And as these articles reveal, these commentators have **not** purported to analyze the works and find substantial similarities. To the contrary, the articles are merely reporting on Plaintiff's allegations. (*See* Opp. Exhs. N, O, P.)

## IV. <u>CONCLUSION</u>

For the reasons stated above, in Defendants' moving papers, and in Defendants' opposition to Plaintiff's motion for summary judgment, Defendants respectfully request that their Motion for Summary Judgment be granted in its entirety.

DATED: August 20, 2014

Respectfully submitted,

KINSELLA WEITZMAN ISER
KUMP & ALDISERT LLP

By: /s/ Gregory P. Korn
Gregory P. Korn, Attorneys for Defendants Neill Blomkamp, Sony Pictures Entertainment Inc., Tristar Pictures, Inc., Media Rights Capital II, L.P., and QED International, LLC

10021.00015/225771